Filed 10/9/15  P. v. Rapada CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>WENDELL J. RAPADA,<br><br>  Defendant and Appellant. | A139286<br><br>(San Mateo County<br>Super. Ct. No. SC074484C) |

Wendell J. Rapada and three other members of his family[1] were charged in connection with a confrontation with police officers.  Wendell was convicted of felony battery against a peace officer, and on appeal he argues that the conviction must be reversed due to instructional error.  We disagree and affirm.

## I.
## BACKGROUND

On July 4, 2011, officers Michael Brennan and Joe Valiente were patrolling San Bruno in a marked police vehicle.  They saw and heard an explosion, which they believed was caused by an illegal firework thrown from a group standing in front of an apartment complex on East Avenue.  As the officers slowed to investigate, an object with a lighted fuse was thrown at the officers' vehicle and exploded near or under it.  No damage was done to the vehicle.

---

[1] The other three family members, Crystal, Ervin, and Ephraim, shared Wendell's last name, and for purposes of clarity we will refer to them by their first names.  We will refer to the four collectively as the defendants.

1

Wendell ran from the group toward the apartment stairwell. The officers pursued him, believing he had thrown the explosive. On the second floor landing, Wendell stopped and turned around with his fist clenched. After Brennan grabbed Wendell's shirt, Wendell punched him in the face. Danielle Matos, a witness, testified that the officer threw Wendell to the ground and choked him. Brennan testified that he had no recollection of putting Wendell in a choke hold.

During the struggle, some of Wendell's family members began yelling at the officers to release Wendell, and a mêlée ensued. Valiente claimed that Crystal, Wendell's cousin, repeatedly kicked him in the head. Brennan also claimed to have been kicked in the head four or five times, but the prosecution maintained it was Crystal, not Wendell, who did the kicking. Brennan testified he felt dazed after being punched by Wendell, and even more so after being kicked. The altercation was eventually broken up by backup police officers.

Brennan was taken to the emergency room. Hospital records indicate he reported no jaw pain, no change in vision, no dizziness, and the conclusion was that Brennan's behavior was "normal." At trial, Brennan testified he suffered bruises to his head and face and a finger injury, which required a splint for a few days. He also claimed to have experienced memory loss after the incident. Brennan testified he thought the kicks to the head "ha[d] a lot to do with" the memory loss, but he could not be sure that the punch to face did not also contribute to it.

The defendants were charged by amended information with multiple counts, and they were eventually tried together. The specific charges against Wendell were felony assault upon a peace officer by means of force likely to produce great bodily injury ("felony assault on a peace officer"), felony battery against a peace officer, possession of a destructive device with intent to injure or intimidate, and resisting a peace officer

2

causing serious bodily injury.[2]  The other defendants were charged with some of the same, and some different, charges.  At the conclusion of the trial, the court instructed the jury.

A total of five counts of felony assault on a peace officer were brought, although four of them were brought against family members other than Wendell.  For all of these counts, the court provided a single, unified instruction and listed the seven elements of the offense.  It also provided definitions for various terms mentioned in the instruction.

A total of three counts of felony battery against a peace officer were brought, although two of them were brought against family members other then Wendell.  But in contrast to the single, unified instruction given for the counts of felony assault on a peace officer, separate instructions were given for each count.  The court first instructed the jury that Crystal and Wendell were charged with felony battery against officer Brennan, and it then described the elements of that count.  The court then gave separate instructions for the two other counts of felony battery against a peace officer.  Those instructions were identical to the instruction given for the count against Crystal and Wendell, except the names of the defendants and the victims were different.  Thus, the trial court described the elements of felony battery against a peace officer three times.

Although the instructions described the elements of felony battery against a peace officer three times, they only defined the relevant terms for the instructions one time, after the three instructions on the elements were given.  In defining the relevant terms, the court explained that "[a]n 'injury' is any physical injury that requires professional medical treatment.  The question of whether the injury requires such treatment cannot be answered simply by deciding whether or not a person sought or received treatment.  You

_____

[2] The count for felony assault on a peace officer was brought under Penal Code section 245, subdivision (c); the count for felony battery against a peace officer was brought under Penal Code section 243, subdivision (c)(2); the count for possession of a destructive device with intent to injure or intimidate was brought under Penal Code section 12303.3; and the count for felony resisting arrest was brought under Penal Code section 148.10, subdivision (a).  All further statutory references are to the Penal Code.

3

may consider those facts, but you must decide this question based on the nature, extent, and seriousness of the injury itself."

The jury convicted Wendell of felony battery against officer Brennan but it acquitted him of the other three felony charges brought against him. He was, however, found guilty of two lesser included offenses: misdemeanor assault on a peace officer and resisting arrest.[3] Wendell was sentenced to a term of three years in the county jail, with the final year on release under supervision of the probation department. He was released on the day of sentencing due to credit for time served.

## II.
## DISCUSSION

Wendell argues that his conviction for felony battery against a peace officer must be reversed because the trial court's instructions on the charge did not require the jury to find that Brennan suffered an injury requiring professional medical treatment, as required by section 243, subdivision (c)(2) and CALCRIM 945. More specifically, he claims that the organization of the instructions was confusing, and the confusion led the jury to believe that a finding of injury requiring professional medical treatment was not required for the felony battery charge. We are not persuaded.

We review claims of instructional error de novo. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) Jury instructions must set forth each of the essential elements of the charged offenses. (See *People v. Mil* (2012) 53 Cal.4th 400, 409.) " 'Whether a jury has been correctly instructed is not to be determined from a consideration of parts of an instruction or from particular instructions, but from the entire charge of the court.' " (*People v. Monteverde* (1952) 111 Cal.App.2d 156, 168.) Thus, "[t]he absence of an essential element in one instruction may be supplied by another or cured in light of the instructions as a whole." (*People v. Galloway* (1979) 100 Cal.App.3d 551, 567-568.) We must "assume that the jurors are intelligent persons and capable of understanding and

---

[3] The conviction for misdemeanor assault on a peace officer was based on sections 242 and 243, subdivision (b); the conviction for misdemeanor resisting arrest was based on section 148, subdivision (a).

4

correlating all jury instructions which are given." (*People v. Henley* (1969) 269 Cal.App.2d 263, 271.) "Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation." (*People v. Laskiewicz* (1986) 176 Cal.App.3d 1254, 1258.) An erroneous instruction is generally not reversible error unless it results in a miscarriage of justice. (See Cal. Const., art. VI, § 13.)

To prove a defendant guilty of felony battery against a peace officer the prosecution must establish: (1) the victim was a peace officer performing his or her duties; (2) the defendant willfully and unlawfully touched the peace officer in a harmful or offensive manner; (3) when the defendant acted, he or she knew, or reasonably should have known, that the victim was a peace officer performing his or her duties; (4) the officer suffered an injury as a result of the touching; and (5) the defendant did not act in self-defense or in defense of someone else. (§ 243, subd. (c)(2).)

A qualifying injury under the statute is one that "requires professional medical treatment." (§ 243, subd. (f)(5).) "It is the nature, extent, and seriousness of the injury— not the inclination or disinclination of the victim to seek medical treatment—which is determinative. A peace officer who obtains 'medical treatment' when none is required, has not sustained an 'injury' within the meaning of section 243, subdivision (c). And a peace officer who does not obtain 'medical treatment' when such treatment is required, has sustained an 'injury' within the meaning of section 243, subdivision (c). The test is objective and factual." (*People v. Longoria* (1995) 34 Cal.App.4th 12, 17, fn. and italics omitted.)

Wendell argues that the instructions' organization relieved the prosecution of its burden of proving the requisite injury. A charge of felony battery against a peace officer was brought against Wendell and Crystal for the alleged battery of Brennan; against Crystal and Ephraim for the alleged battery of Valiente; and against Crystal and Ervin for the alleged battery of a third officer, who later arrived on the scene. For each count, the trial court provided separate instructions concerning the defendants and victims at issue, as well the elements of the offense. At the end of these instructions, the court set forth

5

the relevant statutory definitions. The court's description of the elements of the crime and definition of the relevant terms was consistent with the statute, as well as CALCRIM 945.

Wendell argues that this organization encouraged the jury to interpret and apply the first two instructions for felony battery against a peace officer differently from the last one because the court gave the definition of the requisite injury only after the last one. Wendell essentially contends that the definition should have been repeated for each of the three counts or the court should have provided a single unified instruction.

We are not persuaded that such modifications were necessary. As an initial matter, none of the defendants objected to these instructions below. A party's failure to request a clarifying instruction generally forfeits that claim on appeal. (*People v. Young* (2005) 34 Cal.4th 1149, 1202-1203.) We recognize that a trial court must instruct on the general principles of law necessary for the jury's understanding of the case, even in the absence of an objection. (*People v. Mayfield* (1997) 14 Cal.4th 668, 773, overruled on other grounds in *People v. Scott* (2015) 61 Cal.4th 363, 390, fn. 2.) And we understand that a failure to object does not result in a forfeiture when the alleged instructional error affects the defendant's "substantial rights." (*People v. Anderson* (2007) 152 Cal.App.4th 919, 927.) But in this case, the trial court properly instructed the jury on every element of felony battery against a peace officer. Wendell's challenge to the organization of the instructions does not affect a substantial right of which we can discern, and Wendell accordingly forfeited his argument by failing to raise it below.

Moreover, the instructions were not misleading. Wendell's argument turns on the assumption that the jury believed the elements of the first two counts of felony battery against a peace officer differed from the last count, even though all three counts were for the exact same offense and the instructions for each count were practically identical. The instructions for all three counts explained that the prosecution was required to prove the defendant willfully and unlawfully touched a peace officer and the peace officer suffered an injury as a result of the touching. Given the instructions' equivalence, we think it highly unlikely the jury would believe the prosecution was required to show a higher

6

level of injury for only the last count for which it was instructed. True enough, the explanation of the type of injury required to sustain a conviction for felony battery against a peace officer followed the court's discussion of the elements for the last of the three counts. But reading the instructions as a whole, as we must, we can find no reason to conclude that a jury would believe the definition of injury applied only to the last count.

Wendell also argues the jury was misled by the structural differences between the instructions given for the counts for felony assault on a peace officer and the instructions given for the counts for felony battery against a peace officer. As to the former set of instructions, the court first explained which defendant was charged in each count, and it then instructed the jury on the elements of the offenses and on the definitions of relevant terms. Wendell maintains that this unified instruction informed the jury to apply the same elements and definitions to all counts of felony assault on a peace officer. In contrast, Wendell asserts, the seriatim instructions for the counts of felony battery against a peace officer suggested that the jury was to apply different definitions for each count. The argument is not compelling. While the trial court's instructions for the counts of felony assault are arguably clearer than the instructions for the counts of felony battery, we cannot conclude the latter set of instructions misled the jury. Nor can we conclude that the different organization of the two sets led the jury to believe that the elements for counts of felony battery against a peace officer differed in any way, especially since the instructions for each count were practically identical.

Wendell next argues the trial court wrongly instructed the jury that "the slightest touch can be enough[,] . . . if it is done in a rude or angry way," and that "[t]he touching does not have to cause pain or injury of any kind." Wendell contends that, in CALCRIM No. 945, the Judicial Council has explained that this language should not be used when instructing on felony battery against a peace officer because this crime requires proof of an injury. But the trial court did *not* give this instruction in connection with the felony battery counts. Instead, the trial court used this language while instructing on the elements of felony assault on a peace officer. These instructions were proper.

7

(CALCRIM No. 860.)[4] And since, as Wendell concedes, the instructions on the counts of felony assault on a peace officer were clear and "properly organized", we find it highly unlikely the jury would have conflated them with the instructions regarding the charges against Wendell for felony battery against a peace officer.

The trial court also instructed the jury that no injury was required to sustain a conviction for misdemeanor battery against a peace officer in violation of section 243, subdivision (b), which was charged as a separate and lesser included offense. Again, we find it highly unlikely the jury would confuse the elements of these distinct and separate charges. To the extent Wendell is arguing that the trial court was precluded from using this language in other counts due to the possibility of confusion, his argument lacks merit. The court was required to instruct on any lesser included offenses supported by the evidence. (*People v. Breverman* (1998) 19 Cal.4th 142, 148-149.)

Finally, Wendell argues the court's instructions constituted reversible error because there was insufficient evidence to prove Brennan suffered the type of injury necessary to sustain a conviction for felony battery against a peace officer. We concede that whether Wendell caused Brennan to suffer an injury requiring medical attention was a close question. This is particularly true since, even though Wendell punched Brennan, it was, according to the prosecution, Crystal who kicked Brennan in the head. However, as Wendell has not challenged the verdict on substantial evidence grounds, and since we find the trial court did not err in instructing the jury, we need not and do not consider the sufficiency of the evidence or whether the instructions unfairly prejudiced Wendell.

---

[4] CALCRIM 860 provides that one element of a section 245, subdivision (c) crime is that the "defendant did an act that by its nature would directly and probably result in the application of force to a person." The instruction also explains: "The terms *application of force* and *apply force* mean to touch in a harmful or offensive manner. The slightest touching can be enough if it is done in a rude or angry way. Making contact with another person, including through his or her clothing, is enough. The touching does not have to cause pain or injury of any kind." (Italics in original.)

## III.
## DISPOSITION

The judgment is affirmed.


_____
Humes, P.J.


We concur:


_____
Dondero, J.


_____
Banke, J.

9