# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

ERNEST OROZCO,
Defendant and Appellant.

S249495

Fourth Appellate District, Division One
D067313

San Diego County Superior Court
SCN335521

---

March 26, 2020

Justice Liu authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Chin, Corrigan, Kruger and Groban concurred.

Justice Cuéllar filed an opinion concurring in the judgment.

---

PEOPLE v. OROZCO

S249495

Opinion of the Court by Liu, J.

Proposition 47, the Safe Neighborhoods and Schools Act, amended several statutory provisions to reduce certain criminal offenses from felonies to misdemeanors. Here we consider whether Proposition 47 applies to an offense under Penal Code section 496d, subdivision (a), which criminalizes receipt of a stolen vehicle. (All undesignated statutory citations are to the Penal Code.) Proposition 47 amended section 496, the general statute that criminalizes receipt of stolen property, by making the offense a misdemeanor whenever the value of the property does not exceed $950. (§ 496, subd. (a) (§ 496(a)).) But Proposition 47 did not amend section 496d.

Defendant Ernest Orozco pleaded guilty to one felony count of "unlawfully buying, receiving, concealing, selling or withholding a stolen vehicle" in violation of section 496d. He argues that Proposition 47 applies to his offense and seeks to reduce his conviction to a misdemeanor. The Court of Appeal held that Proposition 47's revision to section 496, making the offense of receiving stolen property a misdemeanor when the value of the property is $950 or less, does not extend to convictions for receiving a stolen vehicle under section 496d. We agree.

**I.**

Orozco was stopped by police officers on August 7, 2014 while he was driving in Escondido. A routine license plate check

1

indicated the car Orozco was driving had been reported stolen. According to the police report, Orozco was the only occupant of the vehicle, and the car had a damaged ignition starter and was running without a key. The police report listed the value of the vehicle as $301. Orozco pleaded guilty to one count of unlawfully driving a vehicle in violation of Vehicle Code section 10851, subdivision (a), and one count of receiving a stolen vehicle in violation of Penal Code section 496d, subdivision (a). He also admitted to three prior convictions for violating Vehicle Code section 10851 and eight prior prison terms under Penal Code section 667.5. His prior Vehicle Code section 10851 convictions required him to be sentenced as a felon under section 666.5 for his two August 2014 convictions.

After Orozco pleaded guilty, California voters enacted Proposition 47. On December 11, 2014, Orozco filed a motion under Proposition 47 to reduce both his convictions to misdemeanors. Because Orozco had not yet been sentenced, he sought relief directly under the new law rather than resentencing under section 1170.18, subdivision (a). (See *People v. Lara* (2019) 6 Cal.5th 1128, 1135 ["Because defendant had not yet been sentenced at the time Proposition 47 became effective, its ameliorative provisions apply."].) The trial court denied Orozco's motion and treated both convictions as felonies.

Orozco appealed, and the Court of Appeal affirmed. We granted review and transferred the case to the Court of Appeal for reconsideration in light of our decision in *People v. Page* (2017) 3 Cal.5th 1175 (*Page*). *Page* held that under Proposition 47, "obtaining an automobile worth $950 or less by theft . . . is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged." (*Page*, at p. 1187.) Upon reconsideration, the Court of Appeal affirmed Orozco's

conviction under Vehicle Code section 10851 without prejudice to his filing an amended petition to show that the conviction was based on theft of a vehicle worth $950 or less. The Court of Appeal further held that Proposition 47's revisions to section 496 did not affect Orozco's conviction under section 496d. We then granted review on the latter issue.

## II.

As amended by Proposition 47, section 496(a) provides in part: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. *However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year . . . .*" (Italics added.) The italicized sentence indicates the portion of the statute amended by Proposition 47. Before Proposition 47, that sentence read: "However, if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed nine hundred fifty dollars ($950), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year." (Former § 496(a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 9, p. 72.) In other words, receiving stolen property worth $950 or less was previously a

"wobbler" offense, i.e., a crime punishable as either a felony or a misdemeanor. As a result of Proposition 47, the statute now dictates that "the offense shall be a misdemeanor." (§ 496(a).)

Section 496d, subdivision (a) also criminalizes buying or receiving stolen property, but it applies specifically to buying or receiving a stolen "motor vehicle, as defined in Section 415 of the Vehicle Code, any trailer, as defined in Section 630 of the Vehicle Code, any special construction equipment, as defined in Section 565 of the Vehicle Code, or any vessel, as defined in Section 21 of the Harbors and Navigation Code . . . ." (§ 496d, subd. (a).) A violation of this statute is a wobbler offense: receiving a stolen vehicle "shall be punished by imprisonment . . . for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both." (*Ibid.*) As noted, Proposition 47 did not amend section 496d.

Orozco contends that because the term "any property" in section 496(a) includes automobiles, his conviction for receiving a stolen vehicle in violation of section 496d must be treated as a misdemeanor under the amended language of section 496(a). The Attorney General argues that Orozco's conviction for receiving a stolen vehicle is unaffected by Proposition 47's amendment of section 496 because section 496d is a "separate and distinct" statute from section 496.

"We first examine the statutory language, giving it a plain and commonsense meaning" "in the context of the statutory framework as a whole." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) Orozco was charged and convicted under section 496d and not section

496(a), a separate statute. Proposition 47 amended section 496(a) to require receipt of stolen property worth $950 or less to be punished as a misdemeanor. It did not add a similar provision to section 496d. Section 496d remains the same as it was prior to the enactment of Proposition 47. It makes no reference to a value threshold below which receipt of a stolen vehicle must be punished as a misdemeanor.

It is a settled principle of statutory interpretation that when voters have " ' "employed a term or phrase in one place and excluded it in another, it should not be implied where excluded." ' " (*People v. Buycks* (2018) 5 Cal.5th 857, 880 (*Buycks*).) In *Buycks*, we examined whether section 1170.18, subdivision (k), enacted by Proposition 47, "*retroactively* mitigates the already-imposed collateral consequence of a felony conviction that is subsequently reduced under [Proposition 47]." (*Buycks*, at p. 878.) Section 1170.18, subdivision (k) provides that a felony conviction reduced by Proposition 47 to a misdemeanor "shall be considered a misdemeanor for all purposes." In *Buycks*, we acknowledged that the statute's text clearly reduces the *future* collateral consequences of offenses that Proposition 47 reduces. But we noted that the language is silent as to whether it also reduces the *already-imposed* collateral consequences of such offenses. (*Buycks*, at p. 878.) We found it "significant" that the language in subdivisions (a) and (f) of section 1170.18, nearby provisions which Proposition 47 also added, clearly reflect an intent to have full retroactive application. (*Buycks*, at p. 880.) Because section 1170.18, subdivision (k) "uses no similar language," we held that it does not have full retroactive effect. (*Buycks*, at p. 881.)

The same reasoning applies here. "[W]e generally presume that the electorate is aware of existing laws." (*People*

*v. Romanowski* (2017) 2 Cal.5th 903, 909, citing *In re Lance W.* (1985) 37 Cal.3d 873, 890 & fn. 10.)  We therefore presume it was aware of section 496d when it approved Proposition 47.  Proposition 47 only amended section 496(a) to reduce receipt of stolen property valued at $950 or less to a misdemeanor.  If the electorate had intended to reclassify section 496d offenses as well, it could have done so in the same way that it did in amending section 496(a).  It also could have created a new misdemeanor sentencing provision governing all receipt of stolen property offenses, akin to the misdemeanor sentencing provision governing petty theft in section 490.2, which, as discussed below, reclassified offenses for theft of property valued at $950 or less into the offense of petty theft.  But the electorate did not do so.  Based on this straightforward reading, Orozco's section 496d conviction is not eligible for a sentence reduction under Proposition 47.

Orozco argues that the term "any property" in section 496(a) renders his conviction under section 496d a misdemeanor.  He relies on our decision in *Page*, *supra*, 3 Cal.5th 1175, where we examined the reach of Proposition 47's petty theft provision, section 490.2.  Section 490.2, subdivision (a) provides:  "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."  The defendant in *Page* had received a felony conviction under Vehicle Code section 10851, which "may be violated in several ways, including by theft of the vehicle." (*Page*, at p. 1180.)  The question was whether the defendant could be resentenced to a misdemeanor term under section 490.2

if his Vehicle Code section 10851 conviction was based on theft of a vehicle worth $950 or less.

In answering yes, we held that "Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense," even though Vehicle Code section 10851 was not amended by Proposition 47 and "is not mentioned in the opening clause of section 490.2, subdivision (a)." (*Page, supra*, 3 Cal.5th at pp. 1183, 1186.) We explained that "the operative language" of section 490.2 " 'stands on its own and means what it says — the act of "obtaining any property by theft where the value . . . does not exceed nine hundred fifty dollars ($950)" constitutes petty theft and must be charged as a misdemeanor.' " (*Page*, at p. 1186.) Because "[a]n automobile is personal property," we said, " 'an offender who obtains a car valued at less than $950 *by theft* must be charged with petty theft and may not be charged as a felon under any other criminal provision.' " (*Id.* at p. 1183.)

*Page* also concluded that the ballot material was consistent with this reading. We noted the Legislative Analyst's explanation in the Proposition 47 voter guide, which said that "under existing law, theft of property worth $950 or less could be charged as a felony 'if the crime involves the theft of certain property (such as cars).' (Voter Information Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.) Under the initiative, according to the analysis, such crimes would no longer be charged as grand theft 'solely because of the type of property involved.' " (*Page, supra*, 3 Cal.5th at p. 1187.)

According to Orozco, the term "any property" in section 496(a) is just as encompassing as the term "any property" in section 490.2. Therefore, under *Page*'s logic, the act of receiving

a stolen vehicle worth $950 or less is punishable only as a misdemeanor under Proposition 47's amendment of section 496(a), even if the offense was prosecuted under section 496d. The Court of Appeal in *People v. Wehr* (2019) 41 Cal.App.5th 123 (*Wehr*), relied on the same reasoning: "Just as section 490.2 applies to obtaining *any* property by theft, section 496 applies to 'buy[ing] or receiv[ing] *any* property that has been stolen.' (§ 496, subd. (a), italics added.) . . . . Thus, receiving a stolen car valued at no more than $950 must be treated as a misdemeanor pursuant to section 496." (*Id.* at p. 131.)

However, section 490.2 differs from section 496(a) in two ways that together make Orozco's analogy inapt. First, section 490.2 is intended to reclassify conduct previously criminalized by other offenses into the offense of petty theft. Instead of modifying the penalties for the existing grand theft statutes, section 490.2 separately defines a category of conduct called "petty theft" that sweeps broadly to include theft of any property valued at $950 or less. (See *Page, supra,* 3 Cal.5th at p. 1183 ["[S]ection 490.2, subdivision (a), mandates misdemeanor punishment for a defendant who 'obtain[ed] any property by theft' where the property is worth no more than $950."].) For this reason, " 'the independent clause [in section 490.2] containing the definition of petty theft stands on its own and means what it says.' " (*Page,* at p. 1186.) Section 490.2 was therefore intended to function as a sweeping catch-all that would capture all forms of theft, including those chargeable under Penal Code section 484e or Vehicle Code section 10851.

Proposition 47's amendment to section 496(a), by contrast, does not exhibit the same intent to reclassify conduct criminalized by section 496d. Section 496(a) is a longstanding statute that previously authorized charging receipt of stolen

property as a felony regardless of the property's value. As a result of Proposition 47, section 496(a) was amended to state that "if the value of the property does not exceed [$950], *the offense* shall be a misdemeanor . . . ." (Italics added.) Proposition 47's amendment to section 496(a) did not create a new offense or purport to broadly reclassify several existing offenses, but rather reduced the punishment for a subset of an existing offense. The term "the offense" in the amended portion plainly refers to the offense specified in the previous sentence, i.e., receipt of stolen property punished under section 496(a). Thus, unlike section 490.2, the clause in section 496(a) reducing punishment for receipt of stolen property valued at $950 or less does not " 'stand[] on its own.' " (*Page, supra,* 3 Cal.5th at p. 1186.) It refers exclusively to offenses punished under section 496(a). The amended statute says nothing about an offense under section 496d, suggesting that the drafters intended to allow prosecutors to retain their discretion to charge section 496d offenses involving vehicles worth $950 or less as felonies.

Second, section 490.2 applies "[n]otwithstanding Section 487 or any other provision of law defining grand theft." (§ 490.2, subd. (a).) In *Page,* we concluded that this "notwithstanding" clause did not limit the application of the operative part of section 490.2 (*Page, supra,* 3 Cal.5th at p. 1186), but we did not say that the clause was irrelevant either. Rather, we acknowledged that the "notwithstanding" clause "saves [the] operation [of the statute] against interference from other statutory provisions defining certain conduct as grand theft." (*Ibid.*) In other words, the "notwithstanding" clause in section 490.2 clarifies that if the statute conflicts with a preexisting statute punishing the same conduct, section 490.2 would override that other statute. Although "the fact that the opening

clause does not mention Vehicle Code section 10851 may suggest its drafters did not have that statute specifically in mind as a potential source of conflict," the existence of the "notwithstanding" clause at least indicates that the drafters anticipated that conduct criminalized by section 490.2 would overlap with conduct criminalized by other statutes and that they intended section 490.2 to reclassify such conduct as "petty theft" punishable only as a misdemeanor. (*Page*, at p. 1186.) The absence of any "notwithstanding" clause in section 496(a) indicates that the drafters did not intend for the statute to affect conduct criminalized in other statutes, let alone reclassify conduct covered in those statutes. Section 490.2 is therefore not comparable to section 496(a) in the way that Orozco claims.

The concurring opinion in *Wehr* reasoned that a "notwithstanding" clause expressly stating that section 496(a) overrides section 496d is unnecessary because "the relationship between section 496 and the more specific receiving stolen property provisions [like section 496d] is obvious. The latter are special cases of the former." (*Wehr*, *supra*, 41 Cal.App.5th at p. 139 (conc. opn. of Slough, Acting P. J.).) But there is nothing obvious about construing amendments to one statute as impliedly amending another, even if the unamended statute is a more specific version of the amended statute. As explained above, such construction contravenes the settled principle against reading language used in one place into places where it is not used. (*Buycks*, *supra*, 5 Cal.5th at p. 880.)

We also reject the alternative rationale that *People v. Williams* (2018) 23 Cal.App.5th 641 (*Williams*) relied upon to reach the conclusion that Orozco here urges. *Williams* held that section 496d qualifies as a "theft offense" within the meaning of section 490.2 and is thus subject to section 490.2's general

provision that all theft offenses involving property valued at $950 or less are misdemeanors. (*Williams*, at pp. 649–650.) This reasoning is unpersuasive for several reasons.

First, we have defined theft as a "taking with intent to steal the property — that is, the intent to permanently deprive the owner of its possession." (*Page*, *supra*, 3 Cal.5th at p. 1182.) The elements of receipt of stolen property, in contrast, do not require the defendant to have engaged in any such taking. (See generally *People v. Russell* (2006) 144 Cal.App.4th 1415, 1425 [setting forth the elements of receipt of stolen property], disapproved on another ground in *People v. Covarrubias* (2016) 1 Cal.5th 838, 874, fn. 14.) Second, it is well established that a person who steals property cannot be convicted of receiving that property. (See *People v. Ceja* (2010) 49 Cal.4th 1, 6 ["commission of the theft *excludes* the possibility of a receiving conviction"].) Because a "theft conviction operates as a bar to a receiving conviction" (*id*. at p. 3), it is difficult to understand how receiving stolen property could amount to theft. Third, interpreting receiving stolen property to be a form of a theft offense would render part of Proposition 47 superfluous. Proposition 47 both amended section 496, receiving stolen property, and added section 490.2, petty theft. There would be no need to amend section 496 if the amendments to section 490.2 applied to receiving stolen property offenses. We disapprove *People v. Wehr*, *supra*, 41 Cal.App.5th 123 and *People v. Williams*, *supra*, 23 Cal.App.5th 641 to the extent they are inconsistent with this opinion.

Finally, we conclude that the construction we adopt here results in no absurdity because the electorate plausibly could have chosen to punish receipt of stolen vehicles more severely than vehicle theft or receipt of other types of stolen property.

For example, the electorate could have concluded that stolen vehicles, unlike other items of stolen property, are often dismantled and sold for parts on the secondary market, which can raise their worth above retail value.

Because the language of sections 496 and 496d is clear that a conviction for receiving a stolen vehicle valued at $950 or less under section 496d does not qualify for sentence reduction, we need not look to extrinsic sources for guidance. (*In re D.B.* (2014) 58 Cal.4th 941, 945 [" 'If the statutory language is clear and unambiguous our inquiry ends.' "].) We recognize that there is language in the ballot material suggesting that voters intended Proposition 47 to reach convictions under section 496d. In the voter guide, the analysis by the Legislative Analyst said: "***Receiving Stolen Property.*** Under current law, individuals found with stolen property may be charged with receiving stolen property, which is a wobbler crime. Under this measure, receiving stolen property worth $950 or less would always be a misdemeanor." (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.) The word "always" may have conveyed to voters that every conviction for receiving stolen property, regardless of the type of property or statute of conviction, would be a misdemeanor if the property is worth $950 or less. Alternatively, it may have conveyed to voters that every conviction for receiving stolen property worth $950 or less *pursuant to section 496(a)* would always be a misdemeanor. Whatever the meaning of the ballot material, it cannot overcome the unambiguous statutory text, which indicates that Proposition 47's amendments to section 496(a) do not affect punishments for receipt of stolen vehicles under section 496d. We must interpret the statutory language that the electorate actually wrote. (See *Amwest Surety Ins. Co. v. Wilson* (1995) 11

Cal.4th 1243, 1260–1261 [voters " 'must be assumed to have voted intelligently upon an [initiative], the whole text of which was supplied each of them prior to the election, and which they must be assumed to have duly considered, regardless of any insufficient recitals in the instructions to voters or the arguments pro and con of its advocates or opponents accompanying the text of the proposed measure' "].)

## CONCLUSION

We hold that Proposition 47's amendment to section 496(a) did not affect convictions for receiving stolen property under section 496d. Accordingly, we affirm the judgment of the Court of Appeal.


**LIU, J.**


**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**KRUGER, J.**
**GROBAN, J.**

PEOPLE v. OROZCO

S249495

Opinion by Cuéllar, J., concurring in the judgment

When California's voters approved Proposition 47 in 2014, they amended the crime of receiving stolen property under Penal Code section 496, subdivision (a) (section 496(a)). What the court holds today is that this change "did not affect" convictions for receiving a stolen vehicle under section 496d. (Maj. opn., *ante*, at p. 13.) I agree. But this conclusion is less mysterious — and more snugly consistent not only with the language of the statute, but also the ballot materials explaining Proposition 47 to California's voters — than the majority opinion suggests.

Prior to Proposition 47, the crime of receiving stolen property when the value of the property did not exceed $950 was a so-called wobbler offense: a crime punishable as either a felony or a misdemeanor. (Pen. Code, former § 496(a); Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 9, p. 72.) What Proposition 47 did was transform this offense from a wobbler into a misdemeanor, provided the property's value does not exceed $950. (§ 496(a).)

Contrast this with Penal Code section 496d, which defines a separate offense: receiving stolen vehicles, trailers, vessels, and certain related equipment. Irrespective of a vehicle's value, the offense remains a wobbler. The Legislature enacted this separate statute, "specific to vehicles" and related equipment, "in order to better track" such conduct. (Sen. Rules Com., Off.

of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998, p. 2.) As the parties readily conceded at oral argument, that purpose would be poorly served if prosecutors retained unfettered discretion to prosecute the crime of receiving a stolen vehicle under the more general provision of receiving stolen property (§ 496(a)) instead of section 496d.

If a person receiving a stolen vehicle may indeed be charged only under Penal Code section 496d, then the resolution of this case is straightforward. By amending section 496(a) while leaving section 496d untouched, California's voters embraced a reduction in punishment that left unchanged the penalties for receiving a stolen vehicle. That latter offense was a wobbler before Proposition 47, and so it remains.

The distinct reach of these two statutes also helps make sense of the Proposition 47 ballot materials. As the Legislative Analyst explained, "[u]nder current law, individuals found with stolen property may be charged with receiving stolen property, which is a wobbler crime. Under this measure, receiving stolen property worth $950 or less would always be a misdemeanor." (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.) When they read that "receiving stolen property worth $950 or less would *always* be a misdemeanor" (*ibid.*, italics added) without any reference to a specific statute, reasonable voters likely would have understood the mitigated punishment to encompass only general "property that has been stolen" within the meaning of section 496(a) — which necessarily excludes stolen vehicles. Because defendant was convicted of receiving a stolen vehicle in violation of section 496d, he's not entitled to relief under Proposition 47. For these reasons, I agree the judgment below should be affirmed.

# CUÉLLAR, J.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Orozco

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 24 Cal.App.5th 667
**Rehearing Granted**

_____

**Opinion No.** S249495
**Date Filed:** March 26, 2020

_____

**Court:** Superior
**County:** San Diego
**Judge:** Michael J. Popkins

_____

**Counsel:**

Benjamin B. Kington, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Meagan Beale, Kristen Kinnaird Chenelia, Michael Pulos, Minh U. Le and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Benjamin Kington
Boyce & Schaefer
934 23rd Street
San Diego, CA 92102-1914
(619) 232-3320

Minh U. Le
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
(619) 738-9055