Filed 8/18/20  P. v. Wehr CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ROBERT KENNETH WEHR,

    Defendant and Appellant.

E070345

(Super.Ct.No. FWV17002975)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Dan Detienne, Judge.  Affirmed in part, sentence vacated and remanded with directions.

Eric E. Reynolds, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Robert Kenneth Wehr of a felony count of receiving a stolen vehicle.  (Pen. Code, § 496d, subd. (a); unlabeled statutory citations refer to this code.)

1

Before his sentencing, Wehr moved to reduce his conviction to a misdemeanor under the Safe Neighborhoods and Schools Act (Proposition 47). The trial court denied his motion and sentenced him to a total of nine years in state prison, including enhancements for five prior prison terms.

Wehr challenges the trial court's denial of his Proposition 47 motion. In our original opinion, we agreed with Wehr. The California Supreme Court granted review of our opinion and deferred action pending its decision in *People v. Orozco* (2020) 9 Cal.5th 111 (*Orozco*). The Supreme Court has now transferred the matter back to us with directions to vacate our original opinion and reconsider Wehr's appeal in light of *Orozco*. Having done so, we conclude that Wehr is ineligible for Proposition 47 relief. But recent amendments to the statute imposing enhancements for prior prison terms (§ 667.5, subd. (b)) require the trial court to resentence Wehr. We thus vacate his sentence and remand for resentencing but otherwise affirm the judgment.

BACKGROUND

In July 2017, deputy sheriffs found Wehr in a stolen 1985 Dodge Prospector pickup truck. Wehr's backpack was in the truck and contained about 2.5 grams of methamphetamine. The record contains no evidence of the truck's value.

In addition to Wehr's conviction for receiving a stolen vehicle, the jury convicted him of possession of a controlled substance, a misdemeanor. (Health & Saf. Code, § 11377.) After a court trial, the court found true a prior strike allegation and five prior prison term allegations.

2

At the beginning of his sentencing hearing, Wehr moved to reduce his felony conviction for receiving a stolen vehicle to a misdemeanor. He argued that, after Proposition 47, receiving stolen property worth $950 or less is a misdemeanor. Moreover, he argued, the prosecution had the burden of proving that the stolen property was worth more than $950, and because there was no evidence of the value of the truck, the court had to reduce his conviction. The court denied the motion.

For possession of a controlled substance, the court sentenced Wehr to 306 days in jail and credited him with 306 days of time served. Wehr's nine-year prison sentence consisted of the middle term of two years for receiving a stolen vehicle, doubled to four years for the prior strike, plus five consecutive one-year terms for the five prison priors.

DISCUSSION

I. *Wehr's Ineligibility for Proposition 47 Relief*

Our Supreme Court held in *Orozco* that convictions for receiving a stolen vehicle under section 496d are categorically ineligible for Proposition 47 relief. (*Orozco*, *supra*, 9 Cal.5th at pp. 118-123.) Wehr is therefore ineligible for Proposition 47 relief, and the trial court properly denied his motion. Wehr nevertheless contends that his ineligibility amounts to an equal protection violation under the federal and state Constitutions. We disagree.

"Both the state and federal Constitutions extend to persons the equal protection of law." (*People v. Chatman* (2018) 4 Cal.5th 277, 287.) An equal protection challenge requires a showing that the government has adopted a classification affecting two or more similarly situated groups in an unequal manner. (*People v. Wilkinson* (2004) 33 Cal.4th

3

821, 836 (*Wilkinson*).) The level of scrutiny that we apply depends on the type of classification. (*Ibid*.) Statutes that involve suspect classes like race or national origin, or those that impinge on "'fundamental rights,'" are subject to strict scrutiny. (*Ibid.*) Statutes involving neither a suspect class nor a fundamental right are subject to the minimum equal protection standard—rational basis review. (*People v. Turnage* (2012) 55 Cal.4th 62, 74 (*Turnage*).)

Wehr argues that strict scrutiny applies here because his fundamental interest in liberty is at issue. At the same time, he contends that the disparate treatment of his offense does not survive even rational basis review, so we need not decide whether to apply strict scrutiny. We conclude that rational basis review applies to Wehr's claim. (*Wilkinson*, *supra*, 33 Cal.4th at p. 838.) Defendants do not have "'a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives'" (*ibid*.), and section 496d does not involve a suspect class.

Under rational basis review, "equal protection of the law is denied only where there is no 'rational relationship between the disparity of treatment and some legitimate governmental purpose.'" (*Turnage*, *supra*, 55 Cal.4th at p. 74.) "'This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the subject matter cannot be completely ignored [citation], a court may engage in "'rational speculation'" as to the justifications for the legislative choice [citation]. . . . If a plausible basis exists for the disparity, courts may

4

not second-guess its "'wisdom, fairness, or logic.'"" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

Wehr argues that he is similarly situated to those convicted of receiving stolen property worth $950 or less (§ 496) and those convicted of stealing a vehicle worth $950 or less (§ 490.2), and that there is no rational basis to distinguish his offense from either of those offenses. Assuming that he is similarly situated to those groups, the equal protection challenge lacks merit. First, we reject the challenge for reasons discussed in *Orozco*. While *Orozco* did not involve an equal protection claim, the court addressed a similar claim—that punishing receipt of stolen vehicles more severely than vehicle theft or receipt of other stolen property resulted in absurd consequences. (*Orozco*, *supra*, 9 Cal.5th at p. 122.) The court rejected the absurdity challenge and held that there were plausible reasons for the differential treatment. (*Ibid.*) "For example, the electorate could have concluded that stolen vehicles, unlike other items of stolen property, are often dismantled and sold for parts on the secondary market, which can raise their worth above retail value." (*Ibid.*) This is also a plausible reason for treating the offenses differently under rational basis review.

Second, we rejected the same equal protection challenge in *People v. Varner* for reasons that remain sound. "'The electorate was not obligated to extend relief under [Proposition 47] to *all* similar conduct. It could instead move in an incremental way, gauging the effects of this sea change in penal law.'" (*People v. Varner* (2016) 3 Cal.App.5th 360, 369.) In addition, the existence of identical penal statutes prescribing different punishments does not violate equal protection principles, nor does the

5

prosecutor's exercise of discretion in charging under one statute or the other. (*Wilkinson*, *supra*, 33 Cal.4th at p. 838; *People v. Varner*, at p. 368.) "[S]o long as there is no showing that a defendant 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' that is, '"one that is arbitrary and thus unjustified because it bears no rational relationship to legitimate law enforcement interests[,]"' the defendant cannot make out an equal protection violation." (*Wilkinson*, at pp. 838-839.) Wehr has not made such a showing here.

In sum, Proposition 47 does not apply to Wehr's conviction for receiving a stolen vehicle. This result does not violate Wehr's right to equal protection of the law.

## II. *Sentence Enhancements for Prior Prison Terms*

After our Supreme Court transferred this case back to us, we permitted the parties to file supplemental briefs addressing any matters that arose after we filed the original opinion in October 2019. Wehr has not filed a supplemental brief, but the People's supplemental brief argues that recent amendments to section 667.5, subdivision (b), require Wehr's five prior prison term enhancements to be stricken. We agree.

The Legislature amended section 667.5, subdivision (b), effective January 1, 2020. (*People v. Chubbuck* (2019) 43 Cal.App.5th 1, 13.) The amended statute "precludes the imposition of one-year sentence enhancements for a prior prison term unless the prior offense was sexually violent in nature." (*Ibid.*) Moreover, the amended statute applies retroactively to cases in which the judgment is not final on the effective date. (*People v. Cruz* (2020) 46 Cal.App.5th 715, 739.)

6

Wehr did not serve any of his five prior prison terms for a sexually violent offense, so the court may not enhance his sentence under section 667.5, subdivision (b). The appropriate remedy is to vacate Wehr's entire sentence and remand for a new sentencing hearing. (*People v. Cruz, supra*, 46 Cal.App.5th at p. 739; *People v. Keene* (2019) 43 Cal.App.5th 861, 865.) Wehr did not receive the maximum possible sentence; the trial court sentenced Wehr to the middle term under section 496d. The court should have the opportunity to exercise its sentencing discretion anew, "'in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

## DISPOSITION

Wehr's sentence is vacated. On remand, the trial court shall resentence Wehr without imposing enhancements under section 667.5, subdivision (b). The court shall forward an amended abstract of judgment reflecting the resentencing to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

SLOUGH
Acting P. J.
RAPHAEL
J.

7