Filed 10/19/20  P. v. Pizana CA5
Opinion following transfer from Supreme Court

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHASE ANDREW PIZANA,<br><br>    Defendant and Appellant. | F075805<br><br>(Super. Ct. No. F16907705)<br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Ivan P. Marrs, and Cavan M. Cox II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Franson, Acting P.J., Smith, J. and De Santos, J.

A jury convicted Chase Andrew Pizana of multiple offenses, including a felony count of buying or receiving a stolen vehicle (Pen. Code, § 496d).[1]  Under its terms, section 496d does not require proof that the stolen vehicle exceeded any minimal value to be deemed a felony.  Pizana contends Proposition 47, and specifically section 490.2, petty theft, has added a component to section 496d so that a felony conviction under section 496d requires proof that the value of the vehicle exceeds $950.  In our original opinion, we agreed with Pizana[2] and, because we did so, did not address his further argument that the failure of the trial court to apply Proposition 47 to convictions under section 496d violates equal protection.

The California Supreme Court granted review of our opinion and has transferred the matter back to us with directions to vacate our original opinion and reconsider Pizana's appeal in light of its decision in *People v. Orozco* (2020) 9 Cal.5th 111 (*Orozco*).  Having done so, we conclude that Pizana is ineligible for Proposition 47 relief and find no equal protection violation.  We do find that recent amendments to the statute imposing enhancements for prior prison terms (§ 667.5, subd. (b)) require the trial court to resentence Pizana.

We thus vacate his sentence and remand for resentencing but otherwise affirm the judgment.

### BACKGROUND

In December 2016, Fresno County Sheriff's Office Detective John Capriola was working as part of a multi-agency task force specializing in the investigation of vehicle thefts.  Capriola was contacted and asked to assist in the search of a subject wanted in connection with a shooting.  Capriola saw the shooting suspect and Pizana leave an

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    Original opinion filed July 24, 2019, but see dissenting opinion.

2.

address on East Belmont Avenue. Capriola followed them, along with other units, but Capriola eventually returned to the East Belmont Avenue address.

Inside the living room of the East Belmont address, Capriola found a motorcycle with a screwdriver forcefully jammed into the ignition. Capriola associated the screwdriver jammed in the ignition with the likelihood the vehicle was stolen. The license plate attached to the motorcycle did not match the Department of Motor Vehicle records.

Capriola was able to start the motorcycle by turning the screwdriver in the ignition. On a shelf near the motorcycle, he found a stash of papers bearing Pizana's name. In the only furnished bedroom to the residence, Capriola found more papers bearing Pizana's name. Another bedroom was not fully furnished and contained female clothing.

Pizana was located and arrested about a week later. Capriola interviewed Pizana and the interview was introduced into evidence at trial. Pizana claimed he had been staying at the East Belmont address for about a month and did not know the motorcycle was stolen. He referred to himself as the "landlord." Capriola asked him why there was a motorcycle in his living room with a screwdriver in the ignition. Pizana responded, he did not know and "I forget."

Capriola asked what Pizana would think when he saw a motorcycle with a screwdriver in the ignition and Pizana responded, "Probably stolen." The motorcycle had been in the home "maybe a week." Pizana stated in his interview that "everything's hot right now" and there were "bikes" at another location too.

Pizana did not call any defense witnesses or offer any evidence at trial. On March 23, 2017, the jury found Pizana guilty of multiple offenses, including one count of felony receipt of a stolen vehicle in violation of section 496d. Pizana admitted a prior strike and five prior prison terms.

At the May 19, 2017, sentencing hearing, the trial court deemed the section 496d conviction the principal offense and imposed the middle term of three years, doubled to six years because of a prior strike offense. The trial court also imposed four prior prison enhancements pursuant to section 667.5, subdivision (b). Including other offenses, the total term imposed was 13 years four months.

## DISCUSSION

I.      PIZANA'S INELIGIBILITY FOR PROPOSITION 47 RELIEF

Proposition 47, which was passed by the voters at the November 4, 2014, General Election, and took effect the following day, redefined several common theft- and drug-related felonies as either misdemeanors or felonies, depending on the offender's criminal history. Our Supreme Court held in *Orozco* that convictions for receiving a stolen vehicle under section 496d are categorically ineligible for Proposition 47 relief. (*Orozco, supra,* 9 Cal.5th at pp. 118–123.) Pizana is therefore ineligible for Proposition 47 relief. Pizana nevertheless contends that his ineligibility amounts to an equal protection violation under the federal and state Constitutions. We disagree.

"Both the state and federal Constitutions extend to persons the equal protection of law." (*People v. Chatman* (2018) 4 Cal.5th 277, 287.) An equal protection challenge requires a showing that the government has adopted a classification affecting two or more similarly situated groups in an unequal manner. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 836 (*Wilkinson*).) The level of scrutiny that we apply depends on the type of classification. (*Ibid.*) Statutes that involve suspect classes like race or national origin, or those that impinge on " 'fundamental rights,' " are subject to strict scrutiny. (*Ibid.*) Statutes involving neither a suspect class nor a fundamental right are subject to the minimum equal protection standard—rational basis review. (*People v. Turnage* (2012) 55 Cal.4th 62, 74 (*Turnage*).) We conclude that rational basis review applies to Pizana's claim. (*Wilkinson, supra,* 33 Cal.4th at p. 838.) Defendants do not have " 'a fundamental

interest in a specific term of imprisonment or in the designation a particular crime receives' " (*ibid.*), and section 496d does not involve a suspect class.

Under rational basis review, "equal protection of the law is denied only where there is no 'rational relationship between the disparity of treatment and some legitimate governmental purpose.' " (*Turnage, supra,* 55 Cal.4th at p. 74.) " 'This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve.  Nor must the underlying rationale be empirically substantiated. [Citation.]  While the realities of the subject matter cannot be completely ignored [citation], a court may engage in " 'rational speculation' " as to the justifications for the legislative choice [citation]....  If a plausible basis exists for the disparity, courts may not second-guess its ' "wisdom, fairness, or logic." ' " (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

Pizana argues that he is similarly situated to those convicted of receiving stolen property worth $950 or less (§ 496) and those convicted of stealing a vehicle worth $950 or less (§ 490.2), and that there is no rational basis to distinguish his offense from either of those offenses.  Even assuming Pizana is similarly situated to those groups, the equal protection challenge lacks merit.  We reject the challenge for reasons discussed in *Orozco.*  While *Orozco* did not involve an equal protection claim, the court addressed a similar claim—that punishing receipt of stolen vehicles more severely than vehicle theft or receipt of other stolen property resulted in absurd consequences.  (*Orozco, supra,* 9 Cal.5th at p. 122.)  The court rejected the absurdity challenge and held that there were plausible reasons for the differential treatment.  (*Ibid.*)  "For example, the electorate could have concluded that stolen vehicles, unlike other items of stolen property, are often dismantled and sold for parts on the secondary market, which can raise their worth above retail value." (*Ibid.*)  This is a plausible reason for treating the offenses differently under rational basis review.

In addition, the existence of identical penal statutes prescribing different punishments does not violate equal protection principles, nor does the prosecutor's exercise of discretion in charging under one statute or the other.  (*Wilkinson, supra,* 33 Cal.4th at p. 838.)  "[S]o long as there is no showing that a defendant 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' that is, ' "one that is arbitrary and thus unjustified because it bears no rational relationship to legitimate law enforcement interests[,]" ' the defendant cannot make out an equal protection violation."  (*Wilkinson*, *supra,* at pp. 838–839.)  Pizana has not made such a showing here.

In sum, Proposition 47 does not apply to Pizana's conviction for receiving a stolen vehicle.  This result does not violate Pizana's right to equal protection of the law.

## II.     SENTENCE ENHANCEMENTS FOR PRIOR PRISON TERMS

After our Supreme Court transferred this case back to us, we permitted the parties to file supplemental briefs addressing any matters that arose after we filed the original opinion in July 2019.  Pizana filed a supplemental brief arguing that recent amendments to section 667.5, subdivision (b), require Pizana's four prior prison term enhancements be stricken.  Respondent agrees, as do we.

The Legislature amended section 667.5, subdivision (b), effective January 1, 2020.  (*People v. Chubbuck* (2019) 43 Cal.App.5th 1, 13.)  The amended statute "precludes the imposition of one-year sentence enhancements for a prior prison term unless the prior offense was sexually violent in nature."  (*Ibid.*)  Moreover, the amended statute applies retroactively to cases in which the judgment is not final on the effective date.  (*People v. Cruz* (2020) 46 Cal.App.5th 715, 739.)

Pizana did not serve any of his four prior prison terms for a sexually violent offense, so the court may not enhance his sentence under section 667.5, subdivision (b).  The appropriate remedy is to vacate Pizana's entire sentence and remand for a new sentencing hearing.  (*People v. Cruz, supra,* 46 Cal.App.5th at p. 739; *People v. Keene*

(2019) 43 Cal.App.5th 861, 865.) Pizana did not receive the maximum possible sentence; the trial court sentenced Pizana to the middle term under section 496d. The court should have the opportunity to exercise its sentencing discretion anew, " ' in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

## DISPOSITION

Pizana's sentence is vacated. On remand, the trial court shall resentence Pizana without imposing enhancements under section 667.5, subdivision (b). The court shall forward an amended abstract of judgment reflecting the resentencing to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.