Filed 10/27/20  P. v. Valladares CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NOE COLIMA VALLADARES,<br><br>    Defendant and Appellant. | D075834<br><br><br>(Super. Ct. No. SCD279856) |

APPEAL from a judgment of the Superior Court of San Diego County, Amalia Meza, Judge.  Affirmed in part; reversed in part, with instructions.

Mazur & Mazur and Janice R. Mazur for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorney Generals, for Plaintiff and Respondent.

A jury in March 2019 found defendant Noe Colima Valladares guilty of unlawfully driving a vehicle (Veh. Code, § 10851, subd. (a); count 1), and

receiving a stolen vehicle (Pen. Code,[1] § 496d; count 2). The jury also found true with respect to both counts that the value of the vehicle exceeded $950. Defendant subsequently admitted having a prison prior for vandalism over $400 (§§ 594, subd. (a)(b)(1) & 667.5, subd. (b)).

In May 2019, the court sentenced defendant to the midterm of two years for count 1, plus one year for the prison prior. The punishment for count 2 was stayed (§ 654, subd. (a)).

On January 27, 2020, defendant filed his opening brief in this court. In that brief, defendant contended his conviction on count 2 should be reduced to a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act, because the evidence was insufficient to show the value of the vehicle exceeded $950. He further contended that he is entitled to relief under newly amended section 667.5 because his prison prior was not for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).

The People in their April 1, 2020 respondent's brief conceded that newly amended section 667.5 retroactively applies to defendant because his case was not yet final when this legislation became effective on January 1, 2020; that his prison prior should be struck because it was not for a sexually violent offense; and that the cause should be remanded for resentencing.

The People, however, noted that subsequent to defendant's opening brief, our high court on March 26, 2020, issued its decision in *People v. Orozco* (2020) 9 Cal.5th 111 (*Orozco*). In that case, our high court ruled Proposition 47 did not apply to an offense under section 496d, which criminalizes receipt

---

[1]   All further statutory references are to the Penal Code unless otherwise noted.

of a stolen vehicle (*Orozco,* at p. 115); and thus, defendant in the instant case was not entitled to a reduction of his sentence on count 2.

In his May 18, 2020 reply brief, defendant conceded that *Orozco* governed his case; and he therefore was not entitled to have his conviction under section 496d reduced to a misdemeanor. He further acknowledged the People's concession under newly amended section 667.5 with respect to the one-year prison prior. But, unlike the People, he merely asked this court to strike the enhancement and not remand the cause for resentencing.

As we explain, we agree with the parties that *Orozco* applies to defendant's conviction under 496d. He therefore is not entitled under Proposition 47 to have his conviction under this statute reduced to a misdemeanor. We also agree that newly amended section 667.5 applies retroactively to defendant; that he is entitled to this change in the law because his case is not yet final; and that his one-year prison prior enhancement must be struck.

Thus, the only issue remaining on appeal is whether to remand the cause for resentencing. As we further explain, we agree with the People that the cause should be remanded for resentencing.

BRIEF BACKGROUND

Cesar B. testified that on December 18, 2018, he was working construction at an Escondido restaurant undergoing a remodel. At the time Cesar drove a 1997 Ford Expedition, which he had owned for about six or seven years.

At about 8:00 p.m., Cesar drove his Expedition to the restaurant, parked his car, and left his car keys in the car's cupholder. He then opened the restaurant door and went inside to collect some tools. About two minutes later, Cesar heard the distinct sound of his car's engine turning over. As he

3

reached the door of the restaurant, he saw his car being driven away. Prior to parking his car and going inside the restaurant, Cesar had not seen anyone "wandering around on foot or bike."

Cesar testified he had not given anyone permission to drive his car that evening. He also could not see who was driving it as it sped off. Cesar immediately called the police and reported his car stolen.

The following day, police recovered Cesar's car. Cesar testified the stereo in the car's dashboard was missing, as was his backpack containing several important documents belonging to him and his children. Cesar also found the car's speedometer and turn signals were inoperable.

Escondido Police Officer Michael Evans was on routine patrol when he was dispatched at about 8:00 p.m. to the Escondido restaurant in response to the report of a stolen vehicle. Officer Evans contacted Cesar, and called for backup because English was not Cesar's first language. Once Cesar gave a statement, Officer Evans determined Cesar was the registered owner of the vehicle and informed dispatch of its make and model.

San Diego Police Officer David Armbruster testified he was working the "graveyard shift" in the early morning hours of December 19, patrolling in the Clairemont area of San Diego. At about 1:23 a.m., Officer Armbruster saw a red Ford Explorer drive from one small residential area to another, avoiding a main thoroughfare to cross between the two neighborhoods. Officer Armbruster considered this somewhat suspicious. He therefore pulled behind the vehicle, ran its license plate number using his onboard computer, and almost immediately was alerted that the vehicle was stolen, which was also confirmed by dispatch.

As Officer Armbruster continued to follow the vehicle, its driver made a quick turn without using a turn signal, then pulled over to the curb without

4

the officer initiating a stop using his overhead patrol lights or siren. Officer Armbruster contacted the vehicle's driver, whom the officer identified in court as defendant. Officer Armbruster determined defendant was not the registered owner of the vehicle. Defendant was taken into custody.

DISCUSSION

A. *Orozco*

As noted, when defendant filed his opening brief, our high court had not yet issued its decision in *Orozco*. As further noted, the *Orozco* court held that "Proposition 47's revision to section 496, making the offense of receiving stolen property a misdemeanor when the value of the property is $950 or less, does *not* extend to convictions for receiving a stolen vehicle under section 496d." (*Orozco*, *supra*, 9 Cal.5th at pp. 115, 123, italics added.)

In so holding, our high court rejected the contention of the defendant that, "because the term 'any property' in section 496[ subdivision ](a) includes automobiles, his conviction for receiving a stolen vehicle in violation of section 496d must be treated as a misdemeanor under the amended language of section 496[ subdivision ](a)." (*Orozco*, *supra*, 9 Cal.5th at p. 117.) The *Orozco* court relied on the explicit statutory language of these separate provisions and the implicit legislative intent in reaching its decision. (*Id.* at pp. 117-121.)

As also noted, the parties concede that, in light of the *Orozco* decision, defendant does not qualify for a sentence reduction for his conviction under section 496d. We agree.

B. *Newly Amended Section 667.5*

Effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b) regarding prior prison term enhancements. (See Stats. 2019, ch. 590.) Former section 667.5, subdivision (b) imposed an additional one-

year term for each prior separate prison term or county jail felony term, except under specified circumstances. However, as noted, newly amended section 667.5, subdivision (b) imposes that additional one-year term only for each prior separate prison term served for a conviction of a sexually violent offense. (§ 667.5, subd. (b); see *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 [noting "[b]y eliminating section 667.5, subdivision (b) enhancements for all prior prison terms except those for sexually violent offenses, the Legislature clearly expressed its intent in Senate Bill No. 136 . . . to reduce or mitigate the punishment for prior prison terms for offenses other than sexually violent offenses"].)

Here, as noted, the parties agree that defendant's prior prison term was not for a sexually violent offense as defined under Welfare and Institutions Code section 6600, subdivision (b). Because defendant's case is not yet final, we agree with the parties that Senate Bill No. 136 applies retroactively to him (see *In re Estrada* (1965) 63 Cal.2d 740); and therefore, that his one-year prior prison enhancement must be stricken.

C. *Resentencing*

As we have noted, the only issue remaining in this appeal is whether to remand for resentencing. During defendant's sentencing, the record shows the court highlighted defendant's extensive criminal record dating back to when he was a juvenile; his lack of remorse for the instant offenses; and his drug addiction. The prosecutor added that defendant also was then subject to a criminal protective order.

Moreover, the probation report noted at the time of defendant's arrest on the instant offenses, he "had multiple misdemeanor warrants" and a record of "crimes of violence." The probation report recommended defendant be sentenced to the *upper* term of three years on counts 1 and 2 (with count 2

6

being stayed), for a total term of four years when the one-year prison prior was applied.

The court found defendant was presumptively ineligible for probation. It sentenced defendant to the *middle* term of two years for each offense, noting it selected the middle term "because it's sufficient to hold the defendant accountable for his criminal behavior"; stayed sentence on count 2 under section 654, subdivision (a); and imposed the one-year enhancement under former section 667.5, for a total term of three years. The court further noted defendant would serve two years in custody and one year on mandatory supervision.

In light of the record in this case, we conclude the cause should be remanded for resentencing. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 [noting that when part of a sentence is stricken on review, on remand " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

## DISPOSITION

Defendant's sentence is vacated and this matter is remanded. The trial court shall strike the one-year enhancement imposed under former section 667.5, subdivision (b), and resentence defendant accordingly. Following

resentencing, the court shall forward an amended abstract of judgment to the appropriate authorities. In all other respects, the judgment is affirmed.


BENKE, J.

WE CONCUR:



McCONNELL, P. J.



O'ROURKE, J.

8