Filed 9/10/21  P. v. Alexander CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077318 |
| v. | (Super.Ct.No. FWV032687) |
| STEVEN EUGENE ALEXANDER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lisa M. Rogan, Judge.  Affirmed.

Steven Eugene Alexander, in pro. per.; and Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# INTRODUCTION

In 2004, defendant and appellant Steven Eugene Alexander was charged by a single-count information with possession of a stolen vehicle pursuant to Penal Code[1] section 496d, subdivision (a). The information also alleged that he had served one prior prison term (§ 667.5, subd. (b)) and had one prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). Defendant entered a plea agreement and pled guilty in exchange for a two-year term in state prison and the dismissal of the other allegations. In 2017, he filed a resentencing petition under section 1170.18 (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).) The People filed an opposition asserting defendant had to prove the stolen vehicle was worth less than $950. A trial court held a hearing and found defendant was not eligible for resentencing and denied the petition without prejudice.

On February 17, 2021, defendant filed a motion to correct/modify and/or remand the sentence. The motion was denied by written order finding that, in his plea agreement, defendant agreed to pay actual restitution, there was a victim restitution hearing where the court heard argument by the prosecution and defense, and the court ordered victim restitution in the amount of $2,947.29. The written order noted that defendant petitioned the court regarding the imposition of the restitution without an ability to pay hearing, but the court denied the petition noting that victim restitution was mandatory. Defendant then requested a modification of the amount, and the court denied that request. On May

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

21, 2021, defendant filed a second section 1170.18 petition, alleging the value of the vehicle was less than $950. The court denied the petition.

Defendant filed a notice of appeal on June 28, 2021.

### DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and the following potential arguable issue: whether the record indicates he was eligible for resentencing under section 1170.18. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In a handwritten brief, defendant first contends he is eligible for relief under Proposition 47 based on the fact that the cost of the stolen vehicle was under $950. He asserts his counsel should have obtained the Kelley Blue Book price of the vehicle, which would have shown its value at less than $950. However, the court held a full hearing on the issue of restitution and determined the value of the vehicle was $2,947.29. In any event, Proposition 47 does not apply to convictions under section 496d; thus, defendant is not eligible for relief. (*People v. Orozco* (2020) 9 Cal.5th 111, 123 ["Proposition 47's amendments to section 496(a) do not affect punishments for receipt of stolen vehicles under section 496d."].)

Defendant also contends that when he agreed to the plea bargain his counsel explained that restitution would be determined at a later hearing, but it would only deal

with the $200 court fee/fines, and he was never given any notice of the restitution hearing. Thus, he claims he was never told about the victim restitution. He then asserts he would not have taken the deal if he knew victim restitution was part of the agreement. However, the record shows the terms of the plea agreement included two years in state prison, the dismissal of the other allegations, and "actual restitution."

Additionally, defendant initialed the box indicating he understood he would also have to pay "a mandatory restitution fine of not less than $200 nor greater than $10,000" and the box indicating his attorney explained everything in the agreement to him and he understood it. Moreover, the record shows, at sentencing, the matter was set for a victim restitution hearing, and he waived his presence at the hearing.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

4