[Crim. No. 2118. Fifth Dist. Sept. 2, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL RICHARD SALAS, Defendant and Appellant.

**COUNSEL**

William K. Rentz, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Paul V. Bishop, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GINSBURG, J.**[*]—Appellant was found guilty of a violation of Health and Safety Code section 11352, possession of heroin for sale. The jury also found that appellant had a prior felony conviction, possession of marijuana. He appeals from the whole of this judgment.

One Edward Faias, a narcotic user, approached appellant in a tavern and asked to purchase some heroin. Faias was a police informer who had been skin-searched by police officers, wired with a concealed portable transmitter designed to broadcast to a tape recorder, provided with $10, and sent forth for the specific purpose of purchasing heroin from appellant. Faias claimed to have purchased heroin from appellant before. He was being paid by the police for his efforts as an informer, and he also may have expected to escape prosecution for a pending suspected burglary.

The taped record was garbled and inconclusive as to what took place, but an officer who monitored the conversation at the scene and heard parts of it was able to positively identify the voice of appellant. Other evidence was conflicting as to whether Faias made a purchase of heroin from appellant, from someone else in the tavern, or at all. But Faias did in fact return from the tavern with a balloon of heroin in his possession, and his testimony that he purchased it from appellant was obviously believed by the jury.

This appeal poses the following questions:

I. *Was the evidence sufficient to support the verdict?*

█ Appellant first contends that the evidence was insufficient to support the verdict. We cannot agree. It is established that the testimony of an undercover agent that he purchased narcotics from a defendant under a supervised and controlled buy situation is enough, standing alone, to sustain a conviction. (*People* v. *Langley* (1974) 41 Cal.App.3d 339, 347 [116 Cal.Rptr. 80].) Here, there was not only the testimony of the agent, but there was also other substantial evidence, including the testimony of officers who monitored the radio transmission of the transaction while it was taking place and the tape itself. Although there may have been other conflicting evidence, on appeal the evidence must be viewed in the light most favorable to support the judgment (*People* v.

---

[*]Assigned by the Chairman of the Judicial Council.

*Reilly* (1970) 3 Cal.3d 421, 425 [90 Cal.Rptr. 417, 475 P.2d 649]; *People* v. *Redmond* (1969) 71 Cal.2d 745, 755-756 [79 Cal.Rptr. 529, 457 P.2d 321]); the test is whether substantial evidence supports the conclusion of the trier·of fact (*People* v. *Bynum* (1971) 4 Cal.3d 589, 599 [94 Cal.Rptr. 241, 483 P.2d 1193]).

The direct evidence given by the informer and police officers involved in the transaction constituted sufficient substantial evidence to meet this test on appeal.

II. *Was the jury properly instructed?*

Appellant complains that the jury was improperly instructed as to weighing conflicting testimony (CALJIC No. 2.22) and as to the defense of entrapment (CALJIC Nos. 4.61 and 4.63).

We resolve the objections to these instructions as follows:

A. CALJIC No. 2.22 (weighing conflicting testimony).[1]

■ Appellant contends that CALJIC No. 2.22 establishes a new and unconstitutional standard of determination of the guilt or innocence of a defendant, pointing out that the case of *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068] requires that the prosecution prove its case beyond a reasonable doubt.[2] In California, Penal Code section 1096 specifically legislates the standard of reasonable doubt.[3] Appellant

---

[1]CALJIC No. 2.22 provides: "You are not bound to decide in conformity with the testimony of a number of witnesses, which does not produce conviction in your mind, as against the testimony of a lesser number or other evidence, *which appeals to your mind with more convincing force.* [Testimony which you believe given by one witness is sufficient for the proof of any fact.] This does not mean that you are at liberty to disregard the testimony of the greater number of witnesses merely from caprice or prejudice, or from a desire to favor one side as against the other. It does mean that you are not to decide an issue by the simple process of counting the number of witnesses who have testified on the opposing sides. *It means that the final test is* not in the relative number of witnesses, but *in the relative convincing force of the evidence.*" (Italics added.)

[2]In *Winship* the court says:
"The requirement that guilt of a criminal charge be established by proof beyond a reasonable doubt dates at least from our early years as a Nation. ...
"Expressions in many opinions of this Court indicate that it has long been assumed that proof of a criminal charge beyond a reasonable doubt is constitutionally required." (397 U.S. at pp. 361-362 [25 L.Ed.2d at pp. 373-374, 90 S.Ct. at p. 1071].)

[3]Section 1096 of the Penal Code provides as follows: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal, but the effect of this presumption is only to place upon the state the burden of proving him guilty

contends that the vice of CALJIC No. 2.22 is that it permits the jury to determine facts in reliance upon its determination that one witness is simply more convincing or more credible than another and that it adopts as a standard the *relative convincing force of the evidence,* rather than the standard of proof of guilt beyond a reasonable doubt. He further argues that the requirement that each element necessary to prove the prosecution's case be proven beyond a reasonable doubt is violated if any element is proven by a witness who merely "appeals to [the] mind with more convincing force."

Appellant's argument would have considerable weight if this instruction stood alone. However, the court properly gave CALJIC No. 2.90 regarding the presumption of innocence, reasonable doubt, and burden of proof. This instruction is a substantial repetition of Penal Code section 1096 (fn. 3, *ante*), which, in turn, is the legislative embodiment of the traditional concept of reasonable doubt. Thus, the jury was correctly instructed on the concept of reasonable doubt, and it was unnecessary to give any further instruction on the subject under the provisions of Penal Code section 1096a.[4]

Over 50 years ago the Supreme Court of California stated: "It has been so often stated in opinions of this court, that the fact that each instruction does not cover the whole case, does not make such instruction erroneous, if the instructions, as a whole, did so, that it is unnecessary to cite the cases, or to say more on the subject in this case." (*People* v. *Mohammed* (1922) 189 Cal. 429, 431 [208 P. 963].) Furthermore, included in the instructions given by the court was the admonition contained in CALJIC No. 1.01, which reads in part as follows: "You are not to single out any certain sentence or any individual point or instruction and ignore the others. You are to consider all the instructions as a whole and are to regard each in the light of all the others."

Thus, both under judicial rules of construction and the specific admonition of the court, the questioned instruction, CALJIC No. 2.22,

---

beyond a reasonable doubt. Reasonable doubt is defined as follows: 'It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge.' "

[4]Penal Code section 1096a provides: "In charging a jury, the court may read to the jury section 1096 of this code, and no further instruction on the subject of the presumption of innocence or defining reasonable doubt need be given."

must be considered in conjunction with CALJIC No. 2.90. In so doing, it is apparent that the jury was instructed to weigh the relative convincing force of the evidence (CALJIC No. 2.22) only as part of the process of determining whether the prosecution had met its fundamental burden of proving appellant's guilt beyond a reasonable doubt as required by CALJIC No. 2.90.

Although the questioned instruction might have been clearer and more complete had it contained a qualification subjecting the "relative convincing force of the evidence" to the basic requirement that such force be sufficient to meet the test of reasonable doubt, it cannot be said, in the light of the foregoing authorities and other instructions, that error was committed in the giving of this instruction.

B. CALJIC Nos. 4.61 and 4.63 (entrapment instructions).

■ Appellant complains that the giving of CALJIC Nos. 4.61 and 4.63[5] was erroneous and constituted prejudicial error based primarily upon two grounds: First, that the police conduct contemplated by these instructions constituted an invasion of appellant's right to privacy; and, secondly, that the instructions did not meet the requirements of due process in that they placed the burden of proof on the defendant to show that he was entrapped.

It is clear that one engaging in an illegal activity has no reasonable expectation of privacy when conversing with another person and has no right to expect that his statements will not be repeated by that person or monitored by some mechanical means. It has been held that the risk that his confidence was misplaced is on the person engaging in acts constituting a crime when he voluntarily converses with another person or engages in an illegal activity with that person. (*United States* v. *White*

---

[5]CALJIC No. 4.61 provides: "When law-enforcement officers are informed that a person intends to commit a crime, the law permits the officers to afford opportunity for the commission of the offense, and to lend the apparent cooperation of themselves or of a third person for the purpose of detecting the offender. When officers do this, if the suspect himself, originally and independently of the officers, intends to commit the acts constituting a crime, and if he does acts necessary to constitute the crime, he is guilty of the crime committed. He has no defense in the fact that an officer or other person engaged in detecting crime was present and provided the opportunity, or aided or encouraged the commission of the offense."

CALJIC No. 4.63 provides: "The defendant has the burden of proving by a preponderance of the evidence that he was entrapped into the commission of the crime. Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth."

(1971) 401 U.S. 745 [28 L.Ed.2d 453, 91 S.Ct. 1122]; *People* v. *Murphy* (1972) 8 Cal.3d 349, 360 [105 Cal.Rptr. 138, 503 P.2d 594], and cases cited therein.) There is no merit in appellant's contention that the illegal sale was protected by his right to privacy.

Appellant also contends that CALJIC Nos. 4.61 and 4.63 inadequately protect his right to require that the prosecution prove guilt beyond a reasonable doubt because they shift the burden to the defendant to prove no preexisting intent to commit a crime.

A successful showing of the defense of entrapment in California does not establish that the defendant did not commit the crime or did not have the requisite criminal intent, but only that the defendant should not be punished for the crime because of improper police conduct. In proving entrapment, a defendant establishes as an affirmative defense the fact that criminal intent was *created* by law enforcement officers.

It has been held that placing the burden of establishing the affirmative defense of entrapment on the defendant does not result in a shifting or impairment of the prosecution's burden to prove all elements of a crime beyond a reasonable doubt. (*In re Foss* (1974) 10 Cal.3d 910, 930-932 [112 Cal.Rptr. 649, 519 P.2d 1073].)

CALJIC Nos. 4.61 and 4.63 thus properly state the law in this regard, and we find no error in giving them.

The judgment is affirmed.

Franson, Acting P. J., and Thompson, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 30, 1975.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.