[No. A029275. First Dist., Div. Five. Jan. 30, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LEE LASKIEWICZ, Defendant and Appellant.

**COUNSEL**

Daniel J. Russo and Russo, Weintraub & Bellia for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**HANING, J.**—Defendant/appellant David Laskiewicz was convicted by jury trial of grand theft (Pen. Code, §§ 484/487, subd. 1) and being an accessory after the fact to grand theft (Pen. Code, § 32). The trial court vacated the verdict on the accessory charge. He appeals on the ground the

trial court erred by failing to instruct that the charges were mutually exclusive. We affirm.

Substantial evidence supports the conviction and discloses that appellant conspired with an accomplice, who was separately convicted, to steal money from the accomplice's employer. Appellant was charged with grand theft as well as being an accessory to the theft. The jury was instructed as to the elements of both offenses and convicted him of both. The People concede that appellant cannot be guilty of both offenses, but contend no reversible error occurred.

Appellant relies upon *People* v. *Prado* (1977) 67 Cal.App.3d 267 [136 Cal.Rptr. 521], for the proposition that the failure to instruct the jury that the offenses are mutually exclusive requires reversal. In *Prado* the defendant was convicted of robbery (Pen. Code, § 211) and of being an accessory to the robbery (Pen. Code, § 32). The trial court dismissed the accessory charge and sentenced the defendant for robbery. The Court of Appeal reversed on the basis that the *Prado* defendant could not be guilty of both offenses which, the court reasoned, involved "mutually exclusive states of mind." (*Id.*, at p. 273.) It remanded with directions to permit the People to retry the case or, if they declined to do so, to strike the robbery conviction and reinstate the accessory conviction.

In *People* v. *Francis* (1982) 129 Cal.App.3d 241 [180 Cal.Rptr. 873], upon which the People rely, another Court of Appeal disagreed with the *Prado* decision. The defendant in *Francis* was convicted of murder (Pen. Code, § 187) and of being an accessory to the same murder (Pen. Code, § 32). The *Francis* defendant also contended it was reversible error for the trial court to fail to instruct that he could not be guilty of both murder and as an accessory to the same murder. The *Francis* court accepted the People's concession that the defendant could not be convicted of both offenses,[1] but affirmed the murder conviction and vacated the accessory conviction. *Fran-*

---

[1]"The court in *Prado* appears to have assumed, without citation of any authority, that convictions as both principal and accessory are mutually exclusive or inconsistent, [fn.] and, therefore, to have examined the admitted evidence in an effort to ascertain at which conviction, if either, the jury would have arrived if so instructed. However, the offenses of robbery and accessory to robbery, like the offenses of murder and accessory to murder as in the present case, are not mutually exclusive or inconsistent. Though the offenses are distinct and different, the elements of the crime of murder are not inconsistent with the elements of the crime of accessory to murder. One guilty of the former is not necessarily not guilty of the latter or vice-versa. If, as the People here concede, a defendant may not be convicted as both a principal and as an accessory to the same offense absent exceptional circumstances, it is not because the elements of the two offenses are inconsistent, but because the Legislature, in proscribing the conduct of an accessory to a felony, did not intend to embrace such conduct of the principal felon. [Citations.]" (*People* v. *Francis, supra,* 129 Cal.App.3d at pp. 251-252.)

*cis* reasoned that "the decisions of the United States and California Supreme Courts as well as [a] line of Court of Appeal decisions . . . provide authority, logic, and reason for a rule remedying any impropriety of multiple conviction as principal and accessory in those cases in which the former conviction is error-free and supported by substantial evidence by affirming the former conviction and vacating the latter. [Fn. omitted.]" (*Id.*, at p. 251.)

While both *Francis* and *Prado* provide analysis of the multiple conviction issue, we find it unnecessary to deal with that problem in the instant case. First, appellant was not convicted and sentenced for both offenses—the trial court struck the accessory conviction. ■ Second, the California Constitution, article VI, section 13, provides that a judgment shall not be set aside on the ground of misdirection of the jury unless it results in a miscarriage of justice. (See also, Pen. Code, §§ 1258, 1404.) The primary inquiry into whether misdirection causes a miscarriage of justice is whether the jury was misled. (See, e.g., *People* v. *Montiel* (1985) 39 Cal.3d 910, 928 [218 Cal.Rptr. 572, 705 P.2d 1248]; *People* v. *Ramos* (1984) 37 Cal.3d 136, 155 [207 Cal.Rptr. 800, 689 P.2d 430]; *People* v. *Murtishaw* (1981) 29 Cal.3d 733, 765, fn. 25 [175 Cal.Rptr. 738, 631 P.2d 446]; *People* v. *Kozel* (1982) 133 Cal.App.3d 507, 521-524 [184 Cal.Rptr. 208].) ■ " ' "It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case." . . .' " (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 323 [185 Cal.Rptr. 436, 650 P.2d 311], citing *People* v. *St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].)

Appellant does not question the adequacy of the instructions which were given, and our own review reveals that the trial court fully and adequately advised the jury on the elements of each offense, the burden of proof, the prosecution's duty and all other principles necessary to resolve the issue of guilt or innocence on both charges. It did not advise the jury that the offenses were mutually exclusive, but we do not perceive the failure to so instruct, assuming the legal principle of mutual exclusivity is correct, to be misleading or confusing. Jurors are not lawyers or judges, but lay persons. In the nonlegal context it is logical to presume that appellant could be guilty of both offenses—as a principal in the initial planning and execution of the theft, and thereafter as an accessory in assisting his accomplice to flee the state and avoid detention.[2]

---

[2]The record reveals that following the theft appellant arranged for his friends to transport them both to Canada. They then moved to Oregon and lived together under assumed names.

The instruction defining an accessory did not exclude one who was also a principal. If it did, the conviction of both offenses would present a problem. However, the accessory instruction merely stated: "An accessory is defined in Section 32 as a person who, after a felony has been committed, harbors, conceals, or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof." Consequently, the jury had no way of knowing that the offenses might be mutually exclusive as a matter of law. Nor, in our opinion, did they need to know under the facts of this case. We repeat that the evidence of appellant's guilt of the theft offense is substantial. The jury was advised of the various elements of grand theft and that the prosecution had to prove them beyond a reasonable doubt. It was also instructed and found that appellant had the specific intent necessary for grand theft, which is distinct from the intent required for conviction as an accessory. Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation. (*Kostecky* v. *Henry* (1980) 113 Cal.App.3d 362, 375 [170 Cal.Rptr. 197]; *People* v. *Salas* (1975) 51 Cal.App.3d 151, 155-158 [123 Cal.Rptr. 903]; *People* v. *Smith* (1973) 33 Cal.App.3d 51, 67-68 [108 Cal.Rptr. 698]; *People* v. *Rhodes* (1971) 21 Cal.App.3d 10, 21-22 [98 Cal.Rptr. 249].)

Given these circumstances, we perceive no error and conclude that even if it did exist, it was harmless. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; Cal. Const., art. VI, § 13.)

Affirmed.

Low, P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 7, 1986.