*NOT FOR PUBLICATION*

**Andy Bernard TAYLOR, Petitioner–Appellant,**

v.

**Gail LEWIS, Warden, Respondent–Appellee.**

No. 04–17517.

United States Court of Appeals, Ninth Circuit.

Nov. 13, 2006.

Andy Bernard Taylor, Coalinga, CA, pro se.

Kevin Little, Fresno, CA, for Petitioner–Appellant.

Erik R. Brunkal, AGCA—Office of the California Attorney General (Sac) Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: GOODWIN, O'SCANNLAIN, and THOMAS, Circuit Judges.

### ORDER

The panel has decided to amend the memorandum filed on August 15, 2006. An amended memorandum is filed concurrently with this order.

With this amendment, the panel has voted unanimously to deny the petition for rehearing. Judges O'Scannlain and Thomas have voted to deny the petition for

rehearing en banc and Judge Goodwin so recommends.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No further petitions for rehearing or rehearing en banc may be filed.

### AMENDED MEMORANDUM *

Andy Bernard Taylor appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. The facts and prior proceedings are known to the parties and are repeated herein only as necessary.

### I

In a concurrently filed opinion, we deal with Taylor's contention that the state court's application of the Eighth Amendment's proportionality principle was objectively unreasonable; this issue has been resolved there. *See Taylor v. Lewis*, No. 04–17517 (filed Aug. 15, 2006).

### II

■ Taylor argues that the state court decision to affirm his conviction was an objectively unreasonable application of federal law because the use of CALJIC 2.21.2 violated his due process rights. That jury instruction provided:

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

Taylor argues that CALJIC 2.21.2 impermissibly lowered the prosecution's burden of proof because his testimony was his only evidence on the element of "knowledge." The instruction, Taylor says, permitted the jury to reject his exculpatory testimony based only on an assessment of its probable credibility.

We reject such contention because there is no reason to think that the jury applied CALJIC 2.21.1 to any part of the case before it. On habeas review, we consider a trial error harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Taylor's argument focuses on the instruction's "probability of truth" clause, but he omits any discussion of the preceding clause which triggers the probability standard: "You may reject the whole testimony of a witness *who willfully has testified falsely as to a material point* ...." (Emphasis added.) Taylor suggests that the jury disregarded his testimony that he lacked knowledge of the cocaine in the baseball cap he was wearing, but he provides absolutely no suggestion on appeal—much less reasoned argument—as to the point on which the jury may have found him "willfully false."[1]

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The only suggestion in the record is found in Taylor's habeas petition, in which he posits that "the jury could easily find CALJIC 2.21.2 applicable to petitioner's testimony based for example on his testimony that he made a full stop at the intersection." But no element of the crimes charged required the jury to even consider whether Taylor came to a full stop at the intersection. That fact was not, as the instruction required, "material" to any issue

Accordingly, we are persuaded that Taylor has not raised a "grave doubt" as to whether the alleged error had an impact on the jury's deliberations. *See O'Neal v. McAninch,* 513 U.S. 432, 435, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995).[2] If the instruction was erroneous, it was harmless because it had no "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 627, 113 S.Ct. 1710.

Taylor, however, argues that *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), precludes application of harmless-error review to an instructional error of this variety. *Sullivan* involved a jury instruction on the reasonable-doubt standard itself. The Court held that the error could not be harmless because where "there has been no verdict within the meaning of the Sixth Amendment, the entire premise of [harmless-error] review is simply absent." *Id.* at 280, 113 S.Ct. 2078. *Sullivan* is inapt because in this case CALJIC 2.21.2 very likely had no impact on the jury's deliberation whatsoever, and we therefore have no reason to doubt that the jury applied the reasonable-doubt standard. *See* 508 U.S. at 281, 113 S.Ct. 2078 (distinguishing other cases of jury-instruction error and explaining that "[a] reviewing court may thus be able to conclude that the [challenged instruction] played no significant role in the finding of guilt beyond a reasonable doubt").

### III

■ Even assuming that the jury did apply the instruction to any part of the case before it, the instruction did not lessen the prosecution's burden of proof below the required reasonable doubt standard. In determining the effect of CALJIC 2.21.2 on the validity of Taylor conviction, "we accept at the outset the well established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten,* 414 U.S. 141, 146–147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

The California courts consistently have rejected claims similar to Taylor's where the challenged instruction is given alongside other clarifying instructions. *See, e.g., People v. Foster,* 34 Cal.App.4th 766, 772–76, 40 Cal.Rptr.2d 633 (1995); *People v. Beardslee,* 53 Cal.3d 68, 94–95, 279 Cal. Rptr. 276, 806 P.2d 1311 (1991). In Taylor's case, the jury was instructed pursuant to CALJIC 1.01 to consider the jury instructions as a whole. The jury also was instructed pursuant to CALJIC 2.90 that the People bore the burden of proving Taylor "guilty beyond a reasonable doubt." We thus agree that,

> [R]egardless of what concerns might arise if CALJIC No. 2.21.2 had stood alone, or what appropriate limitations or clarifications might have been added to its language, when the instructions are considered as a whole we are satisfied the jury was adequately told to apply CALJIC No. 2.21.2 'only as part of the process of determining whether the prosecution had met its fundamental

before the jury. Absent an indication to the contrary, juries are presumed to follow the instructions given. *McKenzie v. Risley,* 842 F.2d 1525, 1533 (9th Cir.1988).

**2.** Additionally, we note that the trial court gave the instruction worded in general terms; it in no way suggested how or whether the jury should apply CALJIC 2.21.2 to Taylor's

case. It was read to the jury in the midst of many other instructions relating to its evaluation of testimony, and it seems to have passed by quickly and without comment. Moreover, the prosecutor did not in any way rely on the instruction (or any facts that might have triggered it) at closing argument.

burden of proving [Taylor's] guilt beyond a reasonable doubt.'

*People v. Foster,* 34 Cal.App.4th at 775, 40 Cal.Rptr.2d 633 (quoting *People v. Salas,* 51 Cal.App.3d 151, 156–157, 123 Cal.Rptr. 903 (1975)).

In the context of the instructions as a whole, CALJIC 2.21.2 did not lessen the prosecution's burden of proof below guilty beyond a reasonable doubt.

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*