Filed 9/30/20  P. v. Rankin CA5
Opinion after recalling remittitur

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STEVIE JANENE RANKIN,<br><br>Defendant and Appellant. | F075406<br><br>(Super. Ct. No. BF166278A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Jacquelyn Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION AND PROCEDURAL BACKGROUND

Appellant Stevie Janene Rankin was convicted following a jury trial of unlawfully driving or taking a motor vehicle (Veh. Code, § 10851; count 1); unlawfully buying or

receiving a stolen motor vehicle (Pen. Code, § 496d, subd. (a);[1] count 2); unlawfully displaying a license plate with the intent to avoid compliance with vehicle registration requirements (Veh. Code, § 4462.5; count 3); misdemeanor possession of heroin (Health & Saf. Code, § 11350, subd. (a); count 4); misdemeanor possession of paraphernalia used for injecting a controlled substance (Health & Saf. Code, § 11364; count 5); and unlawfully attempting to conceal evidence (§§ 664 & 135; count 6). As to count 1, appellant was sentenced to the upper term of three years, plus five years for five prior prison term enhancements (§ 667.5, subd. (b)), for a total of eight years. Her sentence was split to four years in custody and four years of mandatory supervision. The sentence for count 2 was stayed pursuant to section 654. As to counts 3, 4, and 5, appellant was sentenced to concurrent terms of 180 days each. As to count 6, appellant was sentenced to a concurrent term of 90 days.

Appellant appealed her conviction, arguing her convictions for counts 1 and 2 must be vacated because (1) there was insufficient evidence to support she committed a felony because no evidence was presented as to the value of the motor vehicle pursuant to Proposition 47 and (2) the court erred when instructing the jury on unanimity. She argued her right to present a defense was violated because the court erroneously excluded statements she made at her arrest. She argued her conviction on count 4 must be vacated because the evidence was insufficient to support the amount of heroin she possessed was "usable." Finally, she argued her sentence on count 5 must be stayed pursuant to section 654 because her convictions on counts 4 and 5 arose out of an indivisible course of conduct.

Oral argument was held on January 9, 2019, and the matter was deemed submitted following the conclusion of the argument. On January 14, 2019, this court filed an opinion affirming the judgment in its entirety.

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

2.

On February 21, 2019, appellant filed a petition for review in the Supreme Court. On April 12, 2019, the Supreme Court filed an order extending the time for granting or denying review. On May 1, 2019, the Supreme Court granted appellant's petition for review and deferred further action pending consideration and disposition of a related issue in *People v. Orozco*, S249495, regarding appellant's conviction in count 2 for violation of section 496d.

While appellant's petition was pending, she filed a request in the Supreme Court to submit supplemental briefing on the application of the newly enacted Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) to the imposition of the prior prison term enhancements. On October 29, 2019, the Supreme Court granted appellant's request to file a supplemental petition for review. Appellant subsequently filed a supplemental petition for review contending Senate Bill 136, which amended section 667.5, subdivision (b) (Stats. 2019, ch. 590, § 1) making her ineligible for the prior prison term sentence enhancements under that section, applied retroactively to her and accordingly that her sentence should be reduced.

On March 26, 2020, the Supreme Court filed its decision in *People v. Orozco* (2020) 9 Cal.5th 111 (*Orozco*), which aligned with our analysis on the section 496d issue in our initial opinion. On June 24, 2020, the Supreme Court filed an order dismissing appellant's petition for review. The order stated the petition had been granted and held for *Orozco* but made no mention of appellant's supplemental petition regarding Senate Bill 136. Upon receipt of the Supreme Court's order, this court issued remittitur on June 25, 2020.

On June 29, 2020, appellant filed a motion to recall the remittitur, reinstate the appeal, and for leave to file supplemental briefing on the Senate Bill 136 issue. On July 2, 2020, this court requested briefing from the Attorney General on its position on appellant's motion. On July 13, 2020, the Attorney General's office informed this court it did not oppose the motion and would not be filing a brief. On July 14, 2020, this court

granted appellant's motion to recall the remittitur and ordered the remittitur recalled, and the opinion filed on January 14, 2019, and the submission of the matter on January 9, 2019, be vacated. We ordered supplemental briefing on the Senate Bill 136 issue. On August 28, 2020, this court granted leave to allow the parties to file supplemental briefing on new authorities which may affect our analysis on appellant's other issues. Appellant elected not to submit briefing on these points, but respondent submitted a letter brief.

In addition to the issues raised in initial briefing, appellant also argues that we must strike five one-year prior prison term enhancements under section 667.5, subdivision (b) pursuant to Senate Bill 136. We strike the enhancements under section 667.5, subdivision (b), but otherwise affirm the judgment.

## **FACTS**

On October 11, 2016, Lisa Jobe reported her black 1994 Honda Civic stolen. Her son, who lives with her, alerted her at approximately 6:00 a.m. that the vehicle was gone. When she went outside, she saw broken glass on the street where the vehicle had been parked the night before. It had been locked, with the windows rolled up. No one had permission to take it. She received it back approximately three weeks later, and the driver-side front window was broken. She received a key back with the vehicle, and the ignition was not damaged. The key does not open the driver-side door. It only opens the passenger-side door and operates the vehicle.

On October 11, 2016, at approximately 5:45 p.m., a sheriff's deputy conducted a traffic stop on a white Honda. The white Honda and a black Honda pulled over together. The black Honda then made an immediate U-turn, which seemed odd to the deputy. He ran the license plate and discovered the vehicle had been reported stolen and was Jobe's vehicle. He left the scene and attempted to locate the black Honda but was unable to. When the deputy returned to the scene and contacted the driver of the white Honda, he asked if the driver of the white Honda knew the driver of the black Honda, and the driver

4.

gave appellant's name.  The deputy was able to access an image of appellant and identified her as the driver of Jobe's black Honda.  He identified her in court as well.

On October 28, 2016, another sheriff's deputy observed a black Honda with a license plate that had the year and month tabs transposed.  He ran a records check and learned the vehicle's registration expired in 2014 but had a 2017 tab.  He opined based on his experience the tabs were false and possibly stolen, so he conducted a traffic stop on the black Honda.  The driver of the vehicle was appellant.

The deputy asked appellant if she had any drugs, guns, knives, or drug paraphernalia in the vehicle, and she replied no.  He told her he would be conducting a pat down for weapons, and she informed him that she had a drug needle and marijuana in her bra.  A syringe was found on appellant's person.  The syringe had a brown-colored liquid that looked to the deputy like heroin, and he opined that the syringe was used to inject heroin.

The deputy searched the vehicle and located a wallet.  Inside the wallet was a photograph of appellant, and inside a zipper pouch in the wallet was a plastic bag containing a substance the deputy suspected was heroin.  The substance was tested and was confirmed to be heroin, weighing 0.034 grams.  The vehicle identification number of the vehicle matched that of Jobe's Honda.

At trial, the deputy explained "cold-plating" is where someone puts a license plate that is not stolen on a vehicle that is stolen so if law enforcement runs the plate, the vehicle does not come back as stolen.  Usually a person will steal a plate from the same make of the stolen vehicle.

## DISCUSSION

### I.    Sufficiency of the Evidence: Felony Offenses (Counts 1 and 2)

Appellant argues the evidence was insufficient to support she committed a felony as to counts 1 and 2.  She argues, pursuant to Proposition 47, the prosecution was required to show the vehicle in question was worth $950 or more.

5.

Proposition 47 was passed on November 4, 2014, and became effective the next day. It created section 490.2, requiring that all thefts under $950 be petty thefts punishable only as a misdemeanor. Appellant argues section 490.2 applies to both Vehicle Code section 10851 and section 496d, subdivision (a) and thus felony violations of the code sections require the prosecution to prove as an element of the crime the value of the vehicle was $950 or more. She argues that because the prosecution presented no evidence as to the value of the vehicle, her convictions for both offenses must be vacated. We find both contentions are without merit.

### A.    *Vehicle Code section 10851 (Count 1)*

As the California Supreme Court explained in *People v. Lara* (2019) 6 Cal.5th 1128 (*Lara*): "Proposition 47 did not reduce to misdemeanors all violations of Vehicle Code section 10851. That statute, which prohibits taking or driving a vehicle without the owner's consent and with the intent to temporarily or permanently deprive the owner of title or possession, can be violated by a range of conduct, only some of which constitutes theft. And only theft-based violations fall within [] section 490.2, making them misdemeanors unless the vehicle stolen was worth more than $950." (*Id.* at pp. 1135–1136.) Thus, "[w]hile a theft-based violation of Vehicle Code section 10851 may be punished as a felony only if the vehicle is shown to have been worth over $950, a violation committed by posttheft driving may be charged and sentenced as a felony regardless of value." (*Id.* at p. 1136.)

Here, as we explain, appellant was clearly tried and convicted on a *driving* theory, *not* a theft theory. We find no error.

The prosecutor exclusively argued the driving theory in his closing argument: "[T]here's two theories [encompassed by Vehicle Code section 10851], that either she took the car or that she drove it knowing it was stolen. In this case, there's not enough evidence to prove that [appellant] was personally the one that stole Ms. Jobe's vehicle." The prosecutor went on, "So in this case [appellant] can and should, based on the

6.

evidence, as discussed, be found guilty of both Count 1 and Count 2 because in Count 1 she was driving the stolen vehicle with the intent to deprive the owner of it and in Count 2 she was possessing a stolen vehicle."

Further, the jury was properly instructed on the difference between theft and driving violations and that they could not convict appellant of a violation of section 496d if they found her guilty of a theft violation of Vehicle Code section 10851:

> "A defendant who is accused of the theft of property and of receiving the same property as stolen property cannot be convicted of both crimes. In this situation, the crimes are charged as alternatives. She may be found not guilty of both crimes, or guilty of one and not guilty of the other. If you find that the defendant committed an act or acts constituting theft of property or receiving the same property as stolen property, you must then determine which of the crimes charged was committed. [¶] In order to find the defendant guilty you must all agree as to the particular crime committed, and if you find the defendant guilty of one, you must find [her] not guilty of the other[.] [¶] … *There is no prohibition against a person who engages in unlawful post-theft driving being found guilty both of receiving stolen property and a violation of Vehicle Code section 10851(a). [¶] A theft of a vehicle is complete when the [driving is no longer part of a continuous journey away from the place of the theft].*" (Italics added.)

Since the jury convicted appellant of both Vehicle Code section 10851 and section 496d, pursuant to proper instructions, it follows they premised their verdict on a *driving* violation of Vehicle Code section 10851.[2]

Appellant's conviction for Vehicle Code section 10851 is supported by sufficient evidence because the prosecution was not required to present evidence of the value of the vehicle for the jury to convict appellant of a *driving* violation of the statute.[3]

---

[2]    Even if there was evidence appellant took the vehicle, she was observed almost 12 hours and again 17 days after the time Jobe noticed her vehicle was missing. This constitutes a "substantial break" between the taking and the driving. (See *People v. Bullard* (2020) 9 Cal.5th 94, 110.)

[3]    We note in *In re D.N.* (2018) 19 Cal.App.5th 898, our court ordered, without remand, reduction to a misdemeanor of a juvenile adjudication of Vehicle Code

### B.     Section 496d (Count 2)

Appellant contends the California Supreme Court's decision in *People v. Romanowski* (2017) 2 Cal.5th 903 (*Romanowski*) compels us to find that section 490.2 should be applied to section 496d.

Appellant's argument is precluded by the California Supreme Court's decision in *Orozco*, which held Proposition 47 did not affect the crime of receiving stolen vehicles under section 496d.  (*Orozco*, *supra*, 9 Cal.5th at p. 123.)  No showing of the value of the vehicle was required; therefore, appellant's conviction is supported by sufficient evidence.

### C.     Equal Protection

Appellant argues the equal protection clause requires those convicted under Vehicle Code section 10851 and section 496d to be treated equally with those who have been convicted of theft involving a vehicle or other low-value property.  We disagree.

"[N]either the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles."  (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)

The difference in treatment between thieves and receivers of stolen property is easily rationalized.  The provisions of criminalizing receiving stolen property reflect an intent to cut off the market in stolen goods on which criminal enterprises thrive.  A stolen vehicle of low value can be worth less than the sum of its parts when dismantled and illicitly sold.  Thus, in some cases, the receipt is more serious than the theft.  We reject appellant's claim that her right to equal protection of the law is violated.

---

section 10851 where the prosecution had not presented evidence the vehicle was valued at $950 or more.  The present case is distinguishable because *In re D.N.* specifically dealt with a theft violation of Vehicle Code section 10851.

## II. Exclusion of Appellant's Statement at Arrest

Appellant argues the court erred by excluding her statements made at the time of her arrest wherein she told the officer that "Joe" let her borrow the vehicle. She argues this exclusion denied her the ability to present a defense in violation of her right to due process because Jobe's son's name is Joseph, and appellant's statement proved she knew Joe's name at the time of her arrest.

### A. *Relevant Background*

The People brought a motion in limine to exclude the admission of appellant's statement from the time of her arrest. The People wished to introduce that appellant answered "no" when the deputy who arrested her asked her if there were any drugs, weapons, or paraphernalia in the vehicle. The prosecutor wanted to confirm with the court that the door would not then be opened for appellant to offer other statements she made at the time of her arrest, namely, that she borrowed the vehicle from "Joe."

A hearing pursuant to Evidence Code section 402 was held on the matter. The deputy testified he asked appellant if she was aware the vehicle was stolen, and she responded that she was borrowing the vehicle. The deputy asked appellant if she placed the plates on the vehicle, and she stated that she did not. The deputy asked why she was driving the vehicle with false tags on it, and she responded she was borrowing the vehicle from her friend, "Joe." The deputy asked her why she was in possession of the stolen vehicle, and she stated she did not know it was stolen and that she was only borrowing it.

The court allowed the deputy to testify before the jury that appellant answered "no" when asked about contraband but excluded her other statements from her arrest as hearsay.

### B. *Discussion*

Hearsay is evidence of an out-of-court statement offered to prove the truth of the matter stated. Unless an exception applies, hearsay is inadmissible. (Evid. Code, § 1200.)

9.

We apply "the abuse of discretion standard of review to any ruling by a trial court on the admissibility of evidence, including one that turns on the hearsay nature of the evidence in question [citations]." (*People v. Waidla* (2000) 22 Cal.4th 690, 725.) " '[A] trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*People v. Hovarter* (2008) 44 Cal.4th 983, 1004.)

Appellant argues the statement was nonhearsay because it was not offered for the truth of the matter asserted but merely to show appellant knew Joe's name at the time of her arrest. She argues the exclusion of this evidence violated her right to present a defense because it disabled her from showing that she had a legitimate reason for possessing the vehicle. We are not persuaded by appellant's contention. She concedes in her opening brief the purpose of her desire to admit the statement was so that she could argue she borrowed the vehicle from Joe as a defense. This is the exact matter asserted in the statement she wished to introduce. Thus, we cannot see how the statement was not offered for its truth. The statement has no value to appellant's defense if it was not true.

Appellant suggests the statement was nonhearsay because it went to "state of mind." We do not agree, but assuming arguendo appellant is correct, the court properly excluded the statements as being untrustworthy. A state-of-mind/physical sensation hearsay statement, though otherwise satisfying Evidence Code sections 1250 or 1251, is *inadmissible* if *made under circumstances indicating its lack of trustworthiness*. (Cal. Law Revision Com. com., 29B pt. 4 West's Ann. Evid. Code (2015 ed.) foll. § 1252, p. 453 ["If a statement of mental or physical state was made with a *motive to misrepresent* or to *manufacture evidence*, the statement is not sufficiently reliable to warrant its reception in evidence." (Italics added.)].) Here, appellant's statement was made to law enforcement conducting an investigation that could have led to her arrest. In

this instance, the court properly determined she had a motivation to be dishonest, and in fact was dishonest, when asked if she had any drugs with her.

As the court properly excluded hearsay evidence, we do not find merit in appellant's contention her constitutional right to due process and a fair trial were violated.

## III.    Sufficiency of the Evidence:  "Usable" Amount of Heroin (Count 4)

Appellant contends her possession of heroin conviction is not supported by the evidence because there is insufficient evidence to support she had a "usable" amount of heroin.  We disagree.

Our duty on a challenge to the sufficiency of the evidence is to review the whole record in the light most favorable to the judgment for substantial evidence—evidence that is reasonable, credible, and of solid value—that could have enabled any rational trier of fact to have found the defendant guilty beyond a reasonable doubt.  (*Jackson v. Virginia* (1979) 443 U.S. 307, 318–319; *People v. Prince* (2007) 40 Cal.4th 1179, 1251.)  We presume in support of the judgment the existence of every fact a reasonable trier of fact could reasonably deduce from the evidence.  (*People v. Prince, supra,* at p. 1251.)

The California Supreme Court in *People v. Leal* (1966) 64 Cal.2d 504, 512 established that a defendant must possess a usable quantity of a controlled substance in order to be guilty of possession.  Possession of useless traces or blackened residue of a controlled substance is not sufficient to sustain a conviction for possession of a narcotic substance.  (*People v. Rubacalba* (1993) 6 Cal.4th 62, 64–65 (*Rubacalba*).)

Appellant argues 0.034 grams of heroin "is so minute that it simply cannot be termed 'usable,' whatever form it is in."  Although the usable amount rule precludes conviction for possession of trace amounts, it does permit conviction for minute amounts. (*People v. Karmelich* (1979) 92 Cal.App.3d 452, 456.)

Here, the deputy testified he has taken a 40-hour course in the recognition of narcotics and has 11 years of field experience where he has come into contact with heroin numerous times.  As part of his training, he learned that a usable amount of heroin is

11.

anything you can manipulate with two fingers of your hand.  He testified that any amount used that can be manipulated in one's hand will cause a reaction in the body.  He testified he was able to manipulate the substance in the bag found in appellant's wallet with his fingers and that it had the distinct vinegar smell of heroin and was a black, tarlike substance.

Expert testimony can be relied upon by a jury to determine what is a "usable" amount.  (*People v. Camp* (1980) 104 Cal.App.3d 244.)  The testimony was substantial because it was based on the officer's training and experience in the area of recognizing narcotics.  The deputy's testimony established there was more than a "blackened residue" because it was recognizable as heroin in look and smell and could be manipulated.  The jury could have also inferred the heroin was usable because the evidence showed appellant had it in her possession, in a place of easy access, yet hidden, raising the inference she meant to use it.  This evidence is sufficient to meet the usable amount standards set forth in *Leal* and *Rubacalba*.

Appellant's contention the deputy testified to an improper legal conclusion is not well-taken.  Appellant did not object to the expert's qualifications or opinions, and the strength of the facts on which the expert's opinion was based goes to the weight of the evidence, which the jury was instructed to consider.

We conclude sufficient evidence supports the count 4 conviction for possession of heroin.  (*Rubacalba, supra,* 6 Cal.4th at pp. 65–66.)

## IV.    Unanimity Instructional Error (Counts 1 and 2)

Appellant argues the court erred by instructing the jury on the unanimity requirement for both counts 1 and 2 together.  The court instructed:

> "The defendant is accused of having committed the crimes charged in counts 1 and 2.  The prosecution has introduced evidence for the purpose of showing that there is more than one act upon which a conviction on counts 1 and/or 2 may be based.  Defendant may be found guilty if the proof shows beyond a reasonable doubt that she committed any one or

12.

more of the acts. However, in order to return a verdict of guilty to counts 1 or 2 all jurors must agree that she committed the same act or acts. It is not necessary that the particular act agreed upon be stated in your verdict."

Appellant contends that by conflating the instruction to include two counts, the jury may have understood they could convict appellant of both counts 1 and 2 based on a single act. She also suggests it confused the jury on the issues of the interplay between Vehicle Code section 10851 and section 496d and that the jury needed to agree unanimously on one or both dates (October 11 and October 28) listed in the information. We do not agree this is a reasonable reading of the instruction.

We determine whether a jury instruction correctly states the law under the independent or de novo standard of review. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) Review of the adequacy of instructions is based on whether the trial court "fully and fairly instructed on the applicable law." (*People v. Partlow* (1978) 84 Cal.App.3d 540, 558.) " 'In determining whether error has been committed in giving or not giving jury instructions, we must consider the instructions as a whole ... [and] assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given.' " (*People v. Yoder* (1979) 100 Cal.App.3d 333, 338.) "Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation." (*People v. Laskiewicz* (1986) 176 Cal.App.3d 1254, 1258.)

The jurors were instructed to "not single out any particular sentence or any individual point or instruction and ignore the others" and to "[c]onsider the instructions as a whole and each in light of all the others." The jurors were also instructed on the elements of counts 1 and 2 separately and to decide each count separately. In addition, as discussed above, the jurors were properly instructed on the interplay between Vehicle Code section 10851 and section 496d. Viewing the charge as a whole, we do not find there was a reasonable probability the jurors did not understand that they needed to find

all elements of both counts 1 and 2 as well as unanimously agree on one or both dates listed in the information in order to convict appellant of each count.

## V.     Section 654 (Count 5)

Appellant contends the court was required to stay her sentence on count 5 pursuant to section 654.

Section 654, subdivision (a), provides:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."  "Section 654 precludes multiple punishments for a single act or indivisible course of conduct."  (*People v. Hester* (2000) 22 Cal.4th 290, 294.)  Section 654 applies to concurrent sentences as well as consecutive sentences.  (*People v. Mulqueen* (1970) 9 Cal.App.3d 532, 547–548.)

A trial court's express or implied determination that two crimes were separate, involving separate objectives, must be upheld on appeal if supported by substantial evidence.  (*People v. Brents* (2012) 53 Cal.4th 599, 618.)  We review for sufficient evidence in a light most favorable to the judgment and presume in support of the trial court's conclusion the existence of every fact the trier of fact could reasonably deduce from the evidence.  (*People v. Andra* (2007) 156 Cal.App.4th 638, 640–641.)

Appellant contends her convictions for possession of heroin and possession of drug paraphernalia were part of an indivisible course of conduct because there was no evidence the syringe was used for any other purpose but to ingest the heroin for which she was convicted of possessing.  She acknowledges the syringe had brown-colored liquid in it that the deputy opined, based on his training and experience, was heroin that had been liquified.  She also acknowledges her possession conviction was based on the 0.034 grams of heroin found in the plastic bag.

Where a defendant does not possess paraphernalia for the sole purpose of ingesting the drug for which he or she is convicted of possessing but for the more general

purpose of ingesting a controlled substance, multiple punishment is not prohibited under section 654. (*People v. Pinon* (2016) 6 Cal.App.5th 956.) Here, substantial evidence supports the offenses were separate and distinct. The syringe and the heroin were not stored together as a "kit"; the syringe was found in appellant's bra, while the heroin was found in her wallet. As the syringe had residue in it, it had clearly been used on a prior occasion. Thus, it cannot be said its sole purpose was to ingest the heroin contained in the plastic bag. The court did not err in imposing a separate sentence on count 5.

## VI. Senate Bill 136

Senate Bill 136 became effective while appellant's petition for review was pending before the California Supreme Court. The bill amended section 667.5, subdivision (b). Prior to this amendment, "[i]n sentencing a defendant for a new felony offense, a one-year sentence enhancement under section 667.5, subdivision (b) [was] applied 'for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 889.) The only exception was for defendants who had remained free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. (*Ibid*.) Senate Bill 136 amended section 667.5, subdivision (b) to state that a one-year term under that section shall be imposed "for each prior separate prison term for a sexually violent offense …." Thus, Senate Bill 136 eliminates the prior prison term enhancement except in cases involving sexually violent offenses.

Appellant argues we must strike the section 667.5, subdivision (b) enhancements. Respondent agrees Senate Bill 136 applies retroactively to appellant's case and does not oppose her request to have her five section 667.5, subdivision (b) enhancements stricken in light of this change in the law.

We agree with the parties that Senate Bill 136 applies retroactively to appellant's case. (See *People v. Brown* (2012) 54 Cal.4th 314, 323–324; *In re Estrada* (1965)

15.

63 Cal.2d 740, 745.)  As none of appellant's prior convictions were for a sexually violent offense, under section 667.5, subdivision (b), as amended, appellant would not qualify for the imposition of the one-year enhancements imposed under that section.  Accordingly, we strike the section 667.5, subdivision (b) enhancements imposed in this matter.  We will direct the trial court to cause to be prepared an amended abstract of judgment reflecting this modification and to reduce appellant's total prison sentence accordingly. (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 342–343.)

## DISPOSITION

The judgment is modified as follows.  The five one-year enhancements imposed pursuant to section 667.5, subdivision (b) are stricken.  With this modification, appellant's judgment is affirmed.

The trial court is directed to cause to be prepared an amended abstract of judgment reflecting this modification and reducing appellant's total split-sentence by five years. The court shall forward a certified copy of the same to the appropriate authorities.


DE SANTOS, J.

WE CONCUR:


SMITH, Acting P.J.


SNAUFFER, J.

16.